306 So.2d 375 (1974)
Joseph W. EAGLIN, Plaintiff and Defendant-in-rule and Appellant,
v.
Evelyn EAGLIN, Defendant and Plaintiff-in-rule and Appellee.
No. 4817.
Court of Appeal of Louisiana, Third Circuit.
January 15, 1974.
Louis B. Guidry, Lake Charles, for plaintiff-appellant.
William L. McLeod, Jr., Lake Charles, for defendant-appellee.
Before HOOD, CULPEPPER and MILLER, JJ.
CULPEPPER, Judge.
Mrs. Evelyn Eaglin, as plaintiff-in-rule, seeks a judgment against Joseph W. Eaglin, defendant-in-rule, for past due child support payments under a previous judgment. The district judge awarded plaintiff-in-rule the sum of $1,627.52. Defendant-in-rule appealed.
*376 The issues are: (1) Did the trial judge err in overruling defendant-in-rule's exception of no right of action? (2) Where the judgment ordered the father to pay $115 per month to the mother for "the support and maintenance of the children of the marriage", is this amount automatically reduced a proportionate amount as each child reaches the age of majority, without the necessity of the father petitioning the court for modification of the judgment?
The facts are that by a judgment dated October 20, 1966, Joseph W. Eaglin was divorced from Evelyn Eaglin, now the wife of Molice leBlanc. The judgment of divorce included an order that Joseph W. Eaglin pay to Evelyn Eaglin the lump sum of $115 per month, beginning November 1, 1966, for "the support and maintenance of the children of the marriage." The amount for each child is not specified.
At the time of the divorce judgment, there were six minor children of the marriage. The youngest of these children, John Dewey Eaglin, was born on August 23, 1955. Under LSA-C.C. Article 37, as amended by Act No. 98 of 1972, he attained the age of 18 and became fully emancipated and considered an adult on August 21, 1973. Although the other children had all become previously emancipated by marriage or by attaining the age of majority, the mother contends that the father is obligated to pay the full $115 per month child support as provided by the judgment, until the last child reached the age of majority on August 21, 1973.
In the rule which she filed in August of 1973, the mother alleges that beginning on September 1, 1972 the father failed and refused to make all of the payments of $115 per month. He paid three or four small amounts during 1972 and 1973, but by the time the last child reached the age of majority on August 21, 1973, a total of $1,627.52 was past due and owing. This is the amount for which the trial court rendered judgment.
The first issue is the exception of no right of action. The defendant-in-rule father contends that the mother lacks procedural capacity to prosecute this suit for past due child support payments because she has not qualified as natural tutrix of the children. Additionally, the father contends that the mother has no interest in the child support payments since they are for the benefit of the children and not for the benefit of the mother.
We answered these contentions in the recent case of Simon v. Calvert, 289 So.2d 567 (La.App. 3rd Cir. 1974), writ of certiorari denied, where we held that a mother who has been awarded custody and child support can enforce the child support payments without first qualifying as natural tutrix. Under that decision, the mother in the present case has procedural capacity.
Furthermore, we held in Simon v. Calvert, supra, that a judgment for child support is the property of the party in whose favor it is rendered. Therefore, the mother, in whose favor the judgment for child support was rendered, has an interest in filing this suit for past due payments.
The next issue is whether the child support payments of $115 per month were automatically reduced proportionately as each child became emancipated by marriage or by attaining the age of majority. As stated above, the judgment in this case orders the father to pay to the mother the sum of $115 per month "for the support and maintenance of the children of the marriage". The judgment provides a lump sum for all of the children and does not specify the amount for each child.
Our jurisprudence has established a firm rule that a judgment for child support remains in full effect in favor of the party to whom it is awarded, until the party held liable applies to the court and obtains a modification, Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226 (1954); Hebert v. Hebert, 159 So.2d 537 (La.App. 3rd Cir. *377 1964); Odum v. Odum, 273 So.2d 576 (La. App. 1st Cir. 1973) and the cases cited therein; Simon v. Calvert, 289 So.2d 567 (La.App. 3rd Cir. 1974).
In McDaniel v. McDaniel, 288 So.2d 86 (La.App. 4th Cir. 1974) the father filed a rule to reduce or terminate a prior lump sum child support award by one-third when one of the three minor children became 18 years of age. The court held:
"The trial of the rule for reduction of child support requires a new determination of the needs of the remaining two minor children, as well as the husband's ability to pay. Because one child reaches the age of majority does not necessarily result in a reduction of a proportionate share of the support award. The age of the other children, as well as other circumstances must again be re-evaluated."
Under this jurisprudence, the mother in the present case, in whose favor the child support judgment was awarded is entitled to the full amount of that judgment until the last child was emancipated by marriage or by reaching the age of majority. The only remedy available to the father to relieve himself of the obligation of paying a proportionate amount for each child as each became emancipated was by petitioning the court to reduce the amount of the judgment. No such proceeding was filed by the father in the present case.
We are aware of recent jurisprudence that the father's obligation to support his child, under LSA-C.C. Article 227, ceases when the child reaches the age of majority, Bernhardt v. Bernhardt, La., 283 So. 2d 226 (1973); Griffith v. Griffith, 286 So.2d 671 (La.App. 4th Cir. 1973); Jackson v. Jackson, 275 So.2d 456 (La.App. 2d Cir. 1973); Fellows v. Fellows, 267 So.2d 572 (La.App. 3rd Cir. 1972). If the child support judgment in the present case had awarded a specific amount for each child, instead of a lump sum for all minor children, we would have to decide the question of whether the amount specified for each child terminated automatically as he reached the age of majority without the necessity of a court ordered modification. However, that issue is not before us and we express no opinion in that regard.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant-in-rule, Joseph Eaglin.
Affirmed.