289 So.2d 567 (1974)
J. Minos SIMON, Defendant-in-rule, Appellant,
v.
Mary Cobb CALVERT, Plaintiff-in-rule, Appellee.
No. 4421.
Court of Appeal of Louisiana, Third Circuit.
January 25, 1974.
Rehearing Denied February 25, 1974.
Writs Refused April 19, 29, 1974.
*569 J. Minos Simon, Lafayette, for defendant-appellant.
John K. Hill, Jr., Lafayette, and Henri Louridans, Bossier City, for plaintiff-appellee.
Before FRUGÉ, CULPEPPER and MILLER, JJ.
MILLER, Judge.
The father J. Minos Simon, defendant in the rule to make executory past due child support payments, appeals the trial court judgment awarded to the mother, plaintiff-in-rule Mary Cobb Calvert, making executory $2,660 in past due child support payments. He contends that the mother lacks procedural capacity because she failed to qualify as natural tutrix. Alternatively, he contends that he complied with his obligation to support the children because he met these needs while he had physical custody of the children during the period when the $2,660 accrued. We affirm.
On November 4, 1970, the mother was awarded permanent custody of the three children of the marriage together with $600 monthly child support. On August 21, 1971, the father sought and obtained an ex parte order granting him provisional custody of the children. No request was made to alter the November 4, 1970 award of child support payments. The August 21st order was recalled by the trial judge on September 29, 1971, but on October 1, 1971, the father sought and obtained a second ex parte order granting him provisional custody of the children. Again no request was made to alter the November 4, 1970 award of child support payments to the mother. The ex parte orders were granted without notice, service of pleadings and without a hearing. On December 3, 1971 the trial judge signed a judgment restoring custody to the mother. Tr. 34.
On August 11, 1972, the mother filed this rule to make executory past due child support payments covering the months while the father had physical custody of his children. She claimed $2,960, but the father showed that he paid all $600 monthly payments excepting $2,660, and that he had physical custody of the children when the $2,660 accrued under the November 4, 1970 judgment. Neither the father nor the mother produced evidence concerning the actual expenditures incurred to support the children during the period in question.
The father filed a dilatory exception of lack of procedural capacity and a peremptory exception of no right of action. These exceptions were properly overruled by the trial court.
A parent who has been awarded custody and child support can enforce child support payments without first qualifying as natural tutor (or tutrix). Walder v. Walder, 159 La. 231, 105 So. 300 (1925).
The effort to distinguish the Walder case is based on the premise that child support *570 is a property right owned by the children. Although past due child support payments are the subject of many cases in both trial and appellate courts, the father has not cited a case to support his view. The fact that prolific litigation in this area has not brought this argument to light, gives strong support to the trial court's ruling.
The cases and code articles cited by the father[1] are distinguished for the reason that the code articles deal with tutorship and the cases deal with property rights which belong exclusively to children and not with child support payments. The cited cases deal with personal injuries. The necessity of qualifying a custodian as tutrix is readily found in cases such as these where the creation of considerable funds belonging exclusively to the children may result. Child support payments on the other hand are designed for day to day maintenance and education of the children. Such awards are provided for that purpose alone, not for accumulation of the sort where the administration provided by tutorship is needed.
The cited code articles and cases do not state that child support payments are to be considered as the minor's interest, or minor's funds, or obligations in favor of the minor, or minor's property. If child support payments are to be included as property rights belonging exclusively to children, then new procedures will have to be established. It would not be possible to determine child support when custody is awarded, because only a duly qualified tutor (or tutrix) could claim the child's property. After the tutor qualified, then the claim for child support would for the first time become ripe for filing. After qualification, the tutor would be well advised to seek court approval concerning the manner in which his minor's (child support) funds were to be spent. Annual accounts would be filed and at a later hearing homologated. At the conclusion of the tutorship a final account would have to be filed and later homologated. Many tutorships would cost more to administer than would be available for child support.
These provisions which protect children's accumulated property are not applicable to child support payments which are always subject to review and change by the court. If the parent improvidently uses child support payments, the proper remedy is to bring the matter to court so that either custody or the award for child support can be altered.
The obligation of the father is to support the minor children by making payments to the mother, and it is only by so complying that he fulfills his obligation. Rodriguez v. Rodriguez, 245 So.2d 765 (La.App. 4 Cir. 1971). The judgment for child support, as to the amount past due, is the property of the party in whose favor it was given. Coleman v. Coleman, 209 So. 2d 801 (La.App. 2 Cir. 1968).
The portion of the November 4, 1970 judgment ordering payment of child support and upon which the mother proceeds provides:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein against the plaintiff, J. Minos Simon, and in favor of the defendant, Mary Cobb, on her reconventional demand awarding her the permanent care, custody and control of the minor children, Suzette, Clemille and Quentin, and further condemning the said J. Minos Simon to pay unto the said Mary Cobb for the support of the said minor children the sum of SIX HUNDRED AND NO/100 ($600.00) DOLLARS per month ..." (Tr. 8-9).
Regardless of the characterizations of property rights and procedural capacity, this particular judgment orders the father *571 to pay to the mother $600 per month for support of the children. It does not order payment to the children or through other means attempt to bestow property rights to the children. The father was specifically condemned to pay the mother. We cannot find that a specifically designated judgment creditor is the improper party to seek enforcement of the judgment, when no objection as to her capacity to proceed in her own behalf was timely raised. If the trial judge committed error in awarding judgment to the mother rather than to the children, that error was reviewable at that time. Although as in all awards of alimony, child support, and custody, that judgment was subject to modification, it has nevertheless become a final judgment.
The mother did not have to qualify as tutrix before seeking to enforce the November 4, 1970 judgment awarding child support to her at the rate of $600 monthly.
The father next contends that the mother is not entitled to child support during the period that the father had physical custody of his children under ex parte orders of court. The trial court properly held that the August 21 and October 1, 1971 ex parte custody orders were "without effect." Furthermore, the ex parte orders did not modify the November 4, 1970 judgment which awarded $600 monthly child support payments to the mother.
The only remedy available to a father to relieve himself of the obligation of paying child support imposed by a judgment is by proceeding to have the judgment amended, suspended or terminated. Sampognaro v. Sampognaro, 222 La. 597, 63 So.2d 11 (1953); Rodriguez v. Rodriguez, 245 So.2d 765 (La.App. 4 Cir. 1971); Hebert v. Hebert, 159 So.2d 537 (La.App. 3 Cir. 1964). Courts cannot consider equity for the purpose of nullifying or reducing accumulated alimony, which is a vested property right, until the judgment is altered or amended by subsequent judgment or is terminated by operation of law. LSA-C.C.P. art. 3945; Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226 (1954); Elchinger v. Elchinger, 181 So.2d 297 (La.App. 4 Cir. 1965). Courts have also disallowed attempts at reduction of past due alimony and child support instigated by judgment debtors based on their inability to pay. Snow v. Snow, 188 La. 660, 177 So. 793 (1937); Williams v. Williams, 211 La. 939, 31 So.2d 170 (1947). This further demonstrates the courts' reluctance to allow equity to interfere with collection of past due support payments pursuant to enforceable final judgments.
In computing the amount due under a judgment ordering support, a husband is not entitled to credit for a period of time in which the children lived with him and was actually supported by him absent modification of the judgment which made the award. Sampognaro v. Sampognaro, supra; Coleman v. Coleman, supra. The court will not allow itself to be put into the position of an accountant, computing every donation made by the father to his children. Rodriguez v. Rodriguez, 245 So.2d 765 at 769 (La.App. 4 Cir. 1971).
Finally, the father filed a motion with this court seeking to be substituted as plaintiff-in-rule on showing that he was appointed tutor of his children by judgment dated February 27, 1973. As noted, the basis for the mother's award is her status as judgment creditor pursuant to the November 4, 1970 final judgment rendered in the divorce proceeding. She was the proper party plaintiff for such an action, not the legal representative of the minor children. The motion is denied.
The trial court judgment is affirmed at appellant's costs.
Affirmed.
FRUGÉ, Judge (dissenting).
I am of the opinion that the majority opinion has erred in its failure to apply the applicable law to the facts in this case, and, accordingly dissent.
As a matter of law, the majority's opinion has held that "The award of child support is not property belonging to the children." I differ with my learned brothers *572 in this conclusion, as the case of Braud v. Huth, 154 La. 1054, 98 So. 664, 665, 666 (1924) was cited by appellant and is in point.
The cases and Code articles distinguished by the majority are found by this writer to collectively support the validity of the appellant's exception. Also, since the Walder decision, relied upon by the majority, the law has been subsequently altered to require the qualification of the natural tutor. (La.Civil Code Article 248.)
I stress to point out that the issue before this court is one of child support alimony and not alimony for the support of the mother. If I am correct in my interpretation of the law, perhaps specific legislation to this end should be forthcoming. In the event that I am incorrect, it would be well if legislation, amending La.C.C. Art. 248 in accordance with the majority's opinion, should transpire. To legislate specifically would eliminate future confusion in this area of our law.
I respectfully dissent.
NOTES
[1] LSA-C.C. arts. 246, 248, 250, 253; LSA-C.C.P. arts. 683, 4061, 4262, 4271, 4272; McVay v. New Orleans Public Service, Inc., 148 So. 67 (Orl.La.App.1933); Coignard v. F. W. Woolworth & Company, 175 So. 123 (Orl.La.App.1937); and Higginbotham v. Inland Empire Insurance Company, 88 So.2d 711 (La.App. 1 Cir. 1956).