308 So.2d 506 (1975)
Camilla Doiron MERTENS, Plaintiff-Appellee,
v.
Richard K. MERTENS, Defendant-Appellant.
No. 4889.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1975.
Writ Refused June 6, 1975.
Ford & Nugent by Howard N. Nugent, Jr., Alexandria, for defendant-appellant.
Gus A. Voltz, Jr., of Voltz & Ware, Alexandria, Richard B. Wilkins, Jr., Houston, Tex., for plaintiff-appellee.
Before HOOD, MILLER, and WATSON, JJ.
MILLER, Judge.
Defendant Richard K. Mertens appeals the judgment awarding plaintiff Camilla Mertens, his former wife, the sum of $720 as past due alimony. We amend to reduce the award and affirm.
This is a companion case to Mertens v. Mertens, 308 So.2d 508 (La.App. 3 Cir. *507 1975), handed down this date. The facts are detailed in that opinion.
The February 21, 1973 judgment of judicial separation awarded wife "alimony pendente lite, for herself individually and for the use of the minor child" in the amount of $180 per month. At a preliminary hearing on April 2, 1974, custody was removed from the wife, but husband's claim for custody was denied. On June 5, 1974, husband was awarded an absolute divorce. When the court refused to grant custody to the husband, he timely appealed the June 5th judgment. His motion for appeal was general and did not specifically limit the appeal to the issue of custody. Wife did not appeal the divorce judgment, nor has she answered husband's appeal.
On July 16, 1974, wife filed a rule to make executory the unpaid alimony for the months of April, May, June, and July, 1974, totaling $720. Judgment was rendered in her favor on August 6, 1974, and husband appealed this judgment on September 23, 1974.
Although the appeal was taken more than thirty days following the judgment making past due alimony executory, the appeal was timely because it was filed within ninety days. LSA-C.C.P. art. 2087. A rule to fix past due alimony is not a "judgment awarding ... alimony" within the contemplation of LSA-C.C.P. art. 3943. Picinich v. Picinich, 271 So.2d 670 (La.App. 1 Cir. 1972); Granger v. Granger, 193 So.2d 898 (La.App. 3 Cir. 1967).
In September 1974, wife filed another rule to make executory the unpaid alimony for August and September, 1974, totaling $360. She also sought to have husband held in contempt of court for failing to pay the previous judgment. No signed judgment appears in the record for the second claim and we do not consider it.
The trial judges reasoned that alimony continued to accrue after the June 5th divorce judgment because husband's appeal was not limited to the issue of custody. It was held that the suspensive appeal prevented the divorce from becoming final. LSA-C.C.P. art. 3942. The wife was therefore awarded the alimony which accrued after the divorce judgment. We do not agree.
When appellee fails to appeal from a judgment or fails to answer the appellant's appeal, those portions of the judgment adverse to appellee become final and cannot be considered on appeal. Betz v. Riviere, 211 La. 43, 29 So.2d 465 (1947); Grosz v. Nolan, 170 La. 736, 129 So. 147 (1930); Chauvin v. Chauvin, 282 So.2d 869 (La.App. 3 Cir. 1973). Therefore, when the wife failed to 1) appeal the divorce judgment (LSA-C.C.P. art. 3942), or 2) answer husband's appeal (LSA-C.C.P. art. 2133), the June 5, 1974 divorce judgment awarded to husband became final.
However, the alimony for the period to June 5, 1974, accured under the February 21, 1973 judgment. Once accrued, the alimony payments cannot be changed. Cotton v. Wright, 193 La. 520, 190 So. 665 (1930); Williams v. Williams, 211 La. 939, 31 So.2d 170 (1947). Equity will not nullify or reduce accumulated alimony which is a vested property right, until the judgment is altered or amended by a subsequent judgment or is terminated by operation of law. LSA-C.C.P. art. 3945; Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226 (1954); Simon v. Calvert, 289 So.2d 567 (La.App. 3 Cir. 1974).
Alimony pendente lite is terminated by the signing of a final judgment of divorce. White v. Morris, 236 La. 767, 109 So.2d 87 (1959); Fellows v. Fellows, 267 So.2d 572 (La.App. 3 Cir. 1972). Therefore, wife's right to future alimony terminated by operation of law when the June 5, 1974 divorce judgment was signed and not appealed by her.
The trial court properly awarded accrued alimony of $180 per month for the months *508 of April and May of 1974. She is also entitled to alimony for the first five days of June totalling $30, but she is not entitled to alimony payments after June 5, 1974.
The judgment is amended to reduce the award of past due alimony to a total of $390. As amended, the judgment is affirmed. Costs of this appeal are taxed equally to the parties.
Amended and affirmed.