316 So.2d 496 (1975)
Jo Ann S. WALLACE, Plaintiff-Appellant,
v.
Everiol J. WALLACE, Defendant-Appellee.
No. 12633.
Court of Appeal of Louisiana, Second Circuit.
July 1, 1975.
*497 McConnell & McConnell by Charles E. McConnell, Springhill, for plaintiff-appellant.
Walter O. Bigby by Aylmer M. Wyche, III, Bossier City, for defendant-appellee.
Before HALL, DENNIS and MORRIS, JJ.
HALL, Judge.
The plaintiff former wife sued the defendant former husband for past due child support payments allegedly due under an Arkansas divorce decree. The Arkansas judgment, rendered November 20, 1972, obtained by the husband, awarded the husband a divorce; granted the wife custody of four minor children Brenda, age 16, Robin, age 15, Jona, age 12, and Dona, age 9; and ordered the husband to pay to the wife the sum of $260 per month for the support of said minor children.
The defendant's answer and reconventional demand asserted several defenses:
(1) The child, Robin, was married two days before the Arkansas divorce was rendered, which fact was concealed from defendant by his wife. If he had known of the marriage he would not have agreed to the payment of $260 per month, it being his intention to pay $15 per child per week. Therefore, the amount of child support due should be ratably reduced from the date of the Arkansas judgment.
(2) The child, Brenda, became 18 years of age on January 21, 1974, and there should be a pro rata reduction of the amount of child support due from that date.
(3) In addition to cash payments made, defendant should be given credit for payments made for medical expenses of the children by his group medical insurance carrier, which insurance is carried by him in connection with his employment and paid for through payroll deductions.
(4) After considering these credits defendant has actually overpaid the child support due and is entitled to judgment against his former wife for the excess payments.
(5) Future child support payments for the two remaining minor children should be fixed at $15 per week each.
After trial, the district court rendered judgment (1) recognizing and giving full faith and credit to the Arkansas decree; (2) rejecting plaintiff's demands for past due child support; (3) rejecting defendant's reconventional demands for excess payments; and (4) ordering defendant to pay to plaintiff the sum of $17.50 per week per child for the support and maintenance of the two remaining minors, Jona and Dona. The reasons for judgment stated by the trial court at the conclusion of the trial disclose that it, in effect, held no child support was due for the child who was married from the time the Arkansas judgment was rendered, no support was due for the other child after she became 18, and the amount due under the Arkansas judgment should be reduced pro rata, leaving no balance due after crediting payments made by defendant.
Plaintiff perfected a devolutive appeal, contending the trial court erred in failing *498 to award the full amount of accrued child support under the Arkansas judgment, less credit for payments actually made.
It was stipulated at the trial of the case that under the terms of the Arkansas decree the sum of $4,680 had accrued at the date of filing the present suit and that defendant had paid $2,535 in cash, leaving a balance of $2,145. It was proved at the trial of the case that defendant's insurance carrier had paid the sum of $1,232.62 for medical expenses incurred by the minor children.
It was established that defendant did not know at the time the Arkansas judgment was rendered of his minor daughter's marriage two days prior thereto. It was further established, however, the plaintiff told defendant's Arkansas attorney about the marriage prior to the rendition of the divorce decree and that several members of defendant's family were aware of the marriage. It is obvious from the record that defendant learned of the marriage in due course after the decree was rendered. It is to be noted again that it was defendant who obtained the Arkansas judgment.
Actually, defendant does not attack the validity of the Arkansas judgment based on his lack of knowledge of his minor daughter's marriage. It is defendant's position that the total amount of the child support award should be reduced ratably from the date of the decree because that child was not a minor on and after that date. Defendant makes the same argument as to the child who became 18 in January, 1974, insofar as payments due after that date are concerned. The trial court agreed with defendant's position in rejecting plaintiff's demands for past due child support.
Until the present proceeding, defendant never sought modification of the judgment by judicial proceedings.
The Arkansas judgment awarded a monthly lump sum for the support of all the minor children and did not award a specific amount for each child. Louisiana jurisprudence has established a firm rule that a judgment for child support remains in full effect in favor of the party to whom it is awarded, until the party held liable applies to the court and obtains a modification. Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226 (1954); Hebert v. Hebert, 159 So.2d 537 (La.App. 3d Cir. 1964); Odum v. Odum, 273 So.2d 576 (La.App. 1st Cir. 1973); Simon v. Calvert, 289 So.2d 567 (La.App. 3d Cir. 1974); McDaniel v. McDaniel, 288 So.2d 86 (La.App. 4th Cir. 1974); Eaglin v. Eaglin, 306 So.2d 375 (La.App. 3d Cir. 1974).
The Eaglin case, supra, involved the precise issue presented herewhere the judgment orders payment of a total sum for all the minor children without specifying a particular amount for each child, is the total sum automatically reduced proportionately as each child is emancipated by marriage or reaches majority without the necessity of the father petitioning the court for modification of the judgment? In answering this question in the negative, the court held:
"Under this jurisprudence, the mother in the present case, in whose favor the child support judgment as awarded is entitled to the full amount of that judgment until the last child was emancipated by marriage or by reaching the age of majority. The only remedy available to the father to relieve himself of the obligation of paying a proportionate amount for each child as each became emancipated was by petitioning the court to reduce the amount of the judgment. No such proceeding was filed by the father in the present case."
Although at first blush the foregoing rule may seem harsh in some instances, it has a sound and reasonable basis. Where the father has been ordered to make a periodic lump sum payment for the support of all his minor children, the fact that one or more attains majority does not *499 necessarily mean the father's obligation should be reduced ratably. It cannot be presumed that the initial amount was necessarily fixed on the basis of an equal amount for each child. Before a reduction is granted there should be a new determination of the needs of the remaining minor children as well as the father's ability to pay. The circumstances must be reevaluated. The rule requiring the father to seek a judicial adjustment affords the court an opportunity for such reevaluation, as was done in the instant case in regard to future payments for the support of the remaining minors.
In Theriot v. Melancon, 311 So.2d 578 (La.App. 3d Cir. 1975), the court held:
"Equity will not nullify or reduce accumulated alimony or child support which is a vested property right, until the judgment is altered or amended by a subsequent judgment or is terminated by operation of law. LSA-C.C.P. art. 3945; Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226 (1954); Mertens v. Mertens, 308 So.2d 506 (La.App. 3 Cir. 1975); Simon v. Calvert, 289 So.2d 567 (La.App. 3 Cir. 1974).
"No discretion is vested in the trial court to make past due support executory once it has been established and properly applied for. Rodriguez v. Rodriguez, 245 So.2d 765 (La.App. 4 Cir. 1971); Vinet v. Vinet, 184 So.2d 33 (La. App. 4 Cir. 1966)."
In the instant case the court has no discretion to refuse to award past due child support on the basis of equity or what may have been the intent of the father prior to agreeing to a certain lump sum amount incorporated in the divorce and custody judgment obtained by him. As stipulated at the trial, the amount of $2,145 is past due and owing, unless defendant is entitled to credit for the payment of medical expenses paid by his insurance carrier.
The evidence establishes that defendant, voluntarily and with plaintiff's knowledge and consent, has maintained dependent medical insurance coverage on his children through his employer's group insurance carrier, with premiums paid through payroll deductions. Since the divorce the insurance company has paid over $1,000 of medical expenses incurred by the children. There is no legal basis for crediting these amounts paid by the insurance company against the child support obligation owed by defendant. No authority is cited in support of defendant's contention in this regard. It might be that defendant would be entitled to a credit for the amount of premiums paid by him for this insurance, but the evidence does not disclose the amount of any such premiums. The credit claimed by defendant cannot be allowed.
For the reasons assigned, the judgment of the district court is reversed in part and there is judgment in favor of plaintiff, Jo Ann S. Wallace and against defendant, Everiol J. Wallace, in the sum of $2,145 for past due child support. In all other respects the judgment of the district court is affirmed. The costs of appeal are assessed to defendant-appellee.
Reversed and rendered in part and affirmed in part.