343 So.2d 1183 (1977)
Lois Lancaster HALCOMB, Plaintiff-Appellant,
v.
Roy Seale HALCOMB, Defendant-Appellee.
No. 5788.
Court of Appeal of Louisiana, Third Circuit.
March 14, 1977.
Rehearings Denied April 5, 1977.[*]
Writ Granted May 26, 1977.
*1184 Lyman S. Gore, Vidalia, for plaintiff-appellant.
Roy S. Halcomb, Sr., Ferriday, for defendant-appellee.
Before HOOD, GUIDRY and FORET, JJ.
HOOD, Judge.
Plaintiff, Mrs. Lois Lancaster Halcomb, instituted this action to have the amount of past due child support payments owed to her determined and made certain, and to have the judgment ordering those payments made executory. The defendant is plaintiff's former husband, Roy S. Halcomb. Judgment was rendered by the trial court in favor of defendant, rejecting plaintiff's demands and dismissing this action, with prejudice. Mrs. Halcomb appealed.
After the record was lodged in this court, defendant Halcomb filed a motion to dismiss the appeal. That motion was argued and submitted at the same time the case was argued on its merits. The case is before us at this time, therefore, on the motion to dismiss the appeal as well as on the merits.

Motion to Dismiss Appeal
The judgment appealed from, that is, the judgment rejecting plaintiff's demands, was rendered on June 25, 1976. Thereafter, on July 14, an order was signed by the trial judge granting plaintiff a devolutive appeal, making the appeal returnable to this court on September 15, 1976, and fixing the appeal bond in the amount of $250.00. Plaintiff filed the required appeal bond on August 2, 1976.
The plaintiff-appellant did not pay the costs of preparing the record or the filing fee required by this court at least three days before the return date originally set *1185 by the trial court, pursuant to LSA-R.S. 13:4445. She, however, did pay those costs and the filing fee on September 15, 1976, that being the original return date for the appeal. The appeal was not filed in this court on or before that date. In the record, however, there is an order signed by the trial judge, dated September 15, 1976, which extends the return date of the appeal to October 15, 1976. The record was lodged in this court on October 13, two days prior to the extended return date. Defendant Halcomb filed a motion to dismiss the appeal on October 15, and it is that motion which is before us now.
The appellee, Halcomb, alleges as one ground for his motion to dismiss the appeal that neither the plaintiff nor the Clerk of Court had requested an extension of the return date by October 6, 1976, and he then alleges the legal conclusion that "any extension executed by the District Court Judge after the return date of September 15, 1976, would be null and void because a lower court has no jurisdiction after the return date has passed." Although not specifically alleged in the motion, we think defendant meant to assert that the order extending the return date of the appeal was not signed by the district judge on September 15, 1976, as stated in that order, but instead that it was signed by the judge at some later date, after October 6, 1976. Defendant argues that the order purporting to extend the return date is null and void, that the appeal was not lodged in the appellate court on or prior to the effective return date, and that the appeal thus should be dismissed.
Halcomb also alleges in his motion to dismiss the appeal that the appellant did not pay the costs of preparing the record, or the filing fee required by this court, at least three days prior to the original return date, all as required by LSA-C.C.P. art. 2126 and LSA-R.S. 13:4445. He argues that for that additional reason the appeal should be dismissed.
The record shows that although the order extending the return date is contained in and is a part of the record, no filing date has been endorsed on that order, and no minute entry was made showing that such an order had been issued. Defendant suggests that those circumstances either make the order null and void, or they indicate that the order was not signed until some time after the original return date. He alleges that on October 4, 1976 he was informed orally by a Deputy Clerk of Court that a formal order extending the return date had been prepared, but that it had not been presented to the judge up to that date. Although he alleges that this information was given to him orally, there is no receivable evidence of any kind in the record tending to show that the order extending the return date was signed at any time other than on the date shown on the face of the order.
Defendant has not included in his motion to dismiss, or in any other pleading, a prayer that the case be remanded for evidence tending to show that the order extending the return date was signed after September 15, 1976. Neither does he suggest in the written briefs which he filed in this court that the case be remanded for any purpose. In the brief filed by defendant in support of the motion to dismiss, he simply suggests that "these inconsistencies should be seriously considered by Your Honors." He concludes his brief with the statement that the Clerk of Court should not be permitted "to collect payment at the last minute of the return date and then, at this late hour, apply for an extension of the return date."
No authority has been pointed out to us, and we know of none, which would support a holding that the extension order was null simply because a filing date was not endorsed on it. Neither do we know of any requirement that an order extending the return date be filed in the record before the expiration of the original return date. In the instant suit, the extension order obviously was filed some time before October 13, 1976, because it was in the record when the appeal was lodged in this court. We believe that the order, if signed by the trial court on or before the original return date, would be valid and would effectively extend *1186 that return date even though it was not filed in the record until some time after that date. Also, we know of no law which requires that the extension order be entered on the minutes of the court, and we hold that the failure to enter the order involved here on the minutes did not affect its validity.
Defendant argues, however, that the absence of an endorsement showing the filing date on the order, and the failure to show the order in the minutes, are circumstances which tend to support his contention that the order was signed after the original return date had expired. We draw no such inference from those circumstances.
Although the evidence in the record does not support defendant's demand that the appeal be dismissed, and defendant does not ask for a remand, we nevertheless considered remanding the case on our own initiative so that evidence could be produced as to the date on which the extension order was signed. After carefully reviewing the record, the allegations in the motion to dismiss and the arguments of defendant, however, and after considering the legal presumption which exists that the court officers discharged their duties properly, we have decided that a remand of the case is not warranted under the circumstances presented here.
Our conclusion is that the order extending the return date of the appeal was signed timely, that it is valid, and that it had the effect of extending the return date of this appeal to October 15, 1976.
We turn now to the second ground alleged by defendant to support his demand for dismissal of the appeal, that is, that plaintiff did not pay the costs of preparing the record and the filing fees required by this court at least three days prior to September 15, 1976. We find no merit to that argument for two reasons.
First, LSA-C.C.P. art. 2126 and LSA-R.S. 13:4445 provide that the appellant shall pay the above costs and filing fee to the clerk of the trial court not later than three days before or prior to the return day "or extended return day." In this instance the extended return date of the appeal was October 15, 1976. The costs of preparing the record on appeal and the filing fee required by this court were paid 30 days before that extended return date. The costs and fees thus were timely paid.
Our second reason is that the clerk of the trial court is not required to lodge the record in the appellate court unless the costs and fees are paid. LSA-C.C.P. 2126 and LSA-R.S. 13:4445. If the clerk of the trial court should timely file the record in the appellate court, with the appellate court filing fee, then the question of whether the costs and fees required by the above statutes were timely paid to the clerk by the appellant becomes moot, and the failure of the appellant to pay those costs and fees would not be fatal to the appeal. Fruehauf Trailer Company v. Baillio, 252 La. 181, 210 So.2d 312 (1968); Howard v. Hardware Mutual Company, 286 So.2d 334 (La.1973); Succession of Nunez ex rel First National Bank of Abbeville v. Pickett, 335 So.2d 778 (La.App. 3 Cir. 1976).
Appeals are favored in the law, and they should be maintained whenever possible. An appeal will not be dismissed solely on technicalities, unless clearly required by law. Louisiana Power and Light Co. v. Lasseigne, 255 La. 579, 232 So.2d 278 (1970).
Our ultimate conclusion is that the costs and fees required by law were timely paid, and that the appeal is properly lodged in the court.
The motion to dismiss the appeal, therefore, is denied.

On the Merits
Several issues are presented on the merits. One is whether a father who has more than one child and who is ordered by judgment of the court to pay a fixed amount per week as child support, without specifying the amount which is to be paid for the support of each individual child, is entitled without a formal modification of that judgment to reduce the amount of his weekly *1187 payments proportionately as each child becomes of age or is emancipated.
In the instant suit judgment was rendered by the trial court on May 6, 1969, granting plaintiff an absolute divorce against her husband, defendant Halcomb, and awarding to Mrs. Halcomb the custody of their four minor children. The judgment also ordered that defendant Halcomb pay to plaintiff the sum of $100.00 per week as child support. The order did not specify how much of the award was intended for the support of each child.
Defendant paid $100.00 per week as child support from the day that judgment was rendered until April 10, 1970. On the last mentioned date, he reduced his payments to $75.00 per week without obtaining a modification or amendment of the above judgment, explaining that he felt he no longer owed any obligation to support his oldest child who by that time had become 21 years of age and was married. He continued to pay $75.00 per week until June 19, 1970, when the second oldest child was emancipated by marriage, and on that date he reduced his payments to $50.00 per week. On December 24, 1970, his third oldest child became 18 years of age, and defendant at that time reduced his payments to $25.00 per week. The fourth child was still a minor at the time of the trial, and defendant was continuing to pay $25.00 per week as child support.
Plaintiff contends here that since the 1969 judgment ordering defendant to make child support payments to her has never been modified or amended, defendant is obligated to pay her the full sum of $100.00 per week as child support from the date of that judgment until her youngest child reaches the age of majority or is emancipated. The evidence indicates that plaintiff would be entitled to recover $11,844.00 as past due child support payments, if her understanding of the law is correct.
Defendant Halcomb contends that he was entitled to reduce his weekly payments of child support proportionately as each child reached the age of majority or became emancipated, without the necessity of obtaining a modification of the original judgment. Plaintiff concedes that the judgment appealed from, rejecting her demands, must be affirmed if defendant's theory of the law is found to be correct.
The case was tried on its merits on May 21, 1976, and thereafter judgment was rendered by the trial court on June 9, 1976, in favor of plaintiff (and her three children who had become majors or were emancipated by that time and who had been impleaded as parties plaintiff) against defendant Halcomb for the sum of $11,844.00. Upon application of defendant Halcomb, however, a new trial was granted, and thereafter judgment was rendered by the trial court on June 25, 1976, revoking the judgment of June 9, 1976, and rendering judgment in favor of defendant, Roy S. Halcomb, and against plaintiff and her children, denying plaintiff's demands and dismissing her action against defendant, with prejudice. It is from the last mentioned judgment that this appeal was taken.
Our jurisprudence is settled that a judgment for child support remains in full effect in favor of the party to whom it is awarded, until the party held liable applies to the court and obtains a modification. Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226 (1954); Hebert v. Hebert, 159 So.2d 537 (La.App. 3 Cir. 1964); Eaglin v. Eaglin, 306 So.2d 375 (La.App. 3 Cir. 1974); Wallace v. Wallace, 316 So.2d 496 (La.App. 2 Cir. 1975).
Equity will not nullify or reduce accumulated alimony or child support payments which have become a vested property right, until the judgment is altered or amended by a subsequent judgment or is terminated by operation of law. LSA-C. C.P. art. 3945, Pisciotto v. Crucia, supra; Mertens v. Mertens, 308 So.2d 506 (La.App. 3 Cir. 1975); Simon v. Calvert, 289 So.2d 567 (La.App. 3 Cir. 1974); Theriot v. Melancon, 311 So.2d 578 (La.App. 3 Cir. 1975).
The issues presented in Eaglin v. Eaglin, supra, are almost identical to those which are before us for determination here. After citing Pisciotto, Hebert and Simon, supra, as well as other cases, we held in Eaglin that:

*1188 "Under this jurisprudence, the mother in the present case, in whose favor the child support judgment was awarded is entitled to the full amount of that judgment until the last child was emancipated by marriage or by reaching the age of majority. The only remedy available to the father to relieve himself of the obligation of paying a proportionate amount for each child as each became emancipated was by petitioning the court to reduce the amount of the judgment. No such proceeding was filed by the father in the present case." (306 So.2d 375, 377).
The rule set out in Eaglin, supra, was applied by the Second Circuit Court of Appeal in Wallace v. Wallace, supra. See also McDaniel v. McDaniel, 288 So.2d 86 (La. App. 4 Cir. 1974).
Defendant contends that the principle of law applied in Eaglin, Wallace and Pisciotto, supra, was rejected by our Supreme Court in the later case of Miller v. Miller, 321 So.2d 318 (La.1975). He argues that the rule applied in Miller should be controlling here, and that under that rule defendant Halcomb was entitled to reduce his weekly payments of child support proportionately as each child reached his majority or was emancipated, without the necessity of obtaining a modification of the original judgment.
We agree that the Miller case is subject to an interpretation which lends support to defendant's argument. Our review of that case convinces us, however, that the Supreme Court did not intend by that decision to modify Eaglin, Wallace or Pisciotto, supra. None of those cases were cited or discussed in Miller, and we believe they weren't mentioned because different issues were presented. In Miller, the trial court condemned the defendant to pay to his former wife the sum of $500.00 per month as alimony and as child support for their three minor children. After that judgment was rendered his former wife remarried and one child became emancipated by marriage. About two years later, his former wife filed an action seeking to recover from defendant all past due payments owed to her as alimony and as child support. The First Circuit Court of Appeal prorated the award equally among the four recipients, concluding that one-fourth of the "in globo" award was intended as alimony for plaintiff, and that the remaining three-fourths of that award was for child support. The court held that since plaintiff had remarried she was not entitled to recover that part of the award which was intended as alimony and which had accumulated since her second marriage. It also determined, however, that plaintiff could recover all of the remaining part of the "in globo" award, that is, the part which was made as child support, despite the fact that one of her three children had been emancipated by marriage.
The Supreme Court granted writs in Miller, but on review the court did not consider the legal questions which are presented here. It did not determine, for instance, the validity of prorating the "in globo" award among the wife and children, on the merits of the wife's claim for alimony payments which had accumulated after her remarriage. In that connection, the Supreme Court said:
"Since the wife has not sought writs from the judgment of the court of appeal, we do not consider the correctness of the ruling which disallowed the past due amount to Mrs. Miller from the date of her remarriage. For the same reason we do not inquire into the validity of prorating the `in globo' award of $500.00 equally among the former wife and the three children." (Emphasis added).
In Miller, the Supreme Court ultimately reduced the award made to the mother by the Court of Appeal. It concluded that since one child had become fully emancipated by marriage, that child owned both the property and right to sue for support, and that the mother no longer had the right to sue for or to receive alimony from the father for the support of that child. As we understand the ruling, the father was not relieved of the obligation of paying the *1189 accrued and past due payments of child support.
In the instant suit, we conclude that the trial court erred in rejecting the demands of plaintiff. We think the judgment rendered by the trial court on May 6, 1969, ordering defendant to pay to Mrs. Halcomb the sum of $100.00 per week as child support, remains in effect in favor of Mrs. Halcomb until the youngest child reaches the age of majority or becomes emancipated.
The evidence establishes that the child support payments owed by defendant from the date of the original divorce decree until November 25, 1975, when Mrs. Halcomb filed the present action for judgment for past due payments, amounted to the total sum of $32,500.00. Defendant paid $20,656.00 to plaintiff as child support payments during that time, leaving a balance due of $11,844.00. We hold that Mrs. Halcomb is entitled to judgment for that amount against defendant.
All of the Halcomb children who have reached the age of majority or have been emancipated were impleaded as parties plaintiff in this proceeding. The judgment sought by plaintiff here, however, must be rendered in favor of Mrs. Halcomb, and not in favor of the children, because her claim is for child support payments which were awarded to her and which accumulated before her youngest child reached the age of majority or became emancipated. No claim is being asserted in this proceeding by the major or emancipated children for alimony under LSA-C.C. art. 229.
For the reasons herein set out, the judgment appealed from is reversed, and judgment is hereby rendered in favor of plaintiff, Lois Maxine Lancaster Halcomb, against defendant, Roy Seale Halcomb, for the sum of $11,844.00, with interest thereon at the rate of seven (7%) per cent per annum from November 25, 1975, until paid, and for all costs of this suit.
The costs of this appeal are assessed to defendant-appellee.
REVERSED and RENDERED.
NOTES
[*] GUIDRY, J., voted for rehearing of plaintiff-appellant.