MARVIN, Judge.
The mother of two natural children acknowledged by the father appeals from a judgment rejecting her demands to enforce a 1973 judgment against the father requiring him to provide a home for the children.
After the 1973 judgment, the mother and the children resided in the home in Monroe provided by the father as the court had ordered. When the mother married in December 1977, she and the children moved from the Monroe home to the home of her husband in Sterlington, about 12 miles away. The mother left most of the furniture in the Monroe home, continued to pay utility bills and she and the children periodically returned to the Monroe home during the two months following her marriage.
After a dispute with her husband in February 1978, the mother and the children removed themselves and their belongings from Sterlington and attempted to move back into the Monroe home, but found that the father had changed the locks on the front and rear doors and that they could not gain entry except through a side door which provided limited access. The mother then moved the furniture from the Monroe home and rented another house north of Monroe for herself and her children. When she was unable to meet the rental payments she and the children returned to the Ster-lington home of her estranged husband, with the intention of moving out as soon as she was financially able, and brought the rule against the father to enforce the 1973 judgment as mentioned. She contended that the actions of the father amounted to an eviction and she demanded a $250 per month increase in the children’s support payments in order to provide a home for them.
The lower court considered the mother’s expressed intent to move from Sterlington but concluded that an order for the enforcement of the 1973 judgment would be premature because the children were living in the home provided by their mother’s husband. We disagree and render judgment for the plaintiff in rule.
An order requiring a father to provide a home for children is within the authority and discretion granted by law to trial courts in support cases. Jackson v. Jackson, 275 So.2d 456 (La.App.2d Cir. 1973). Support provisions of a judgment remain effective and enforceable until the judgment is changed or amended according to law. Equitable considerations alone do not abate the force of the judgment. Wallace v. Wallace, 316 So.2d 496 (La.App.2d Cir. 1975). The father had grounds to seek, but did not seek, modification of the judgment before the mother and her husband of December 1977 became estranged.
Accordingly, we reverse and grant judgment to plaintiff-in-rule at the cost of defendant-in-rule, as follows:
Defendant-iri-rule is ordered to provide in the vicinity of Monroe, Louisiana, a home in which the minor children shall reside with their tutrix, within 30 days from the date of this opinion, which home shall be the same or comparable to the home occupied by the children immediately before December 12, 1977, or in lieu thereof, defendant-in-rule is ordered to pay unto plaintiff-in-rule, as natural tutrix of the children, the additional sum of $250 per month for the purposes of the tutrix finding and renting a home for the children, subject to the continued jurisdiction and further orders of the lower court as may be required upon a showing of a change of circumstances.
REVERSED AND RENDERED at ap-pellee’s cost.