ON REHEARING
STOKER, Judge.
This matter came up on appeal from a judgment on rule granting the appellant an award of $9,300.00 as unpaid alimony and child support, increasing child support to $350.00 per month, terminating alimony, and granting the appellee visitation rights. The judgment was signed on 30 November 1981. The appellant filed a motion and order for appeal on 29 January 1982, 59 days following the notice of the signing of the judgment by the trial court.
*258 The appellee moved to dismiss the appeal on the grounds that the appeal was not perfected within the delays enumerated by Code of Civil Procedure Articles 3942 and 3943. The court, finding the appeal was filed more than 30 days after the delay for requesting a new trial, dismissed the appeal.
The appellant subsequently submitted a petition for rehearing alleging that the court erred in the dismissal of the appeal. The appellant alleges that an appeal from a judgment granting past due alimony and child support is not governed by the provisions of C.C.P. Articles 3942 and 3943. We agree.
In our initial review of this appeal, we failed to recognize that one of the issues on appeal was the trial court’s failure to grant legal interest on the award of past due alimony and child support.
“A rule to fix past due alimony is not a ‘judgment awarding ... alimony’ within the contemplation of LSA-C.C.P. Art. 3943.” Mertens v. Mertens, 308 So.2d 506 (La.App. 3rd Cir.1975).
The appellant timely filed the appeal under the provisions of C.C.P. Art. 2087 which provides a sixty day limitation. Therefore, the appeal from that portion of the judgment not awarding legal interest on the past due alimony and child support is hereby reinstated. The dismissal as to all other elements of the appeal is affirmed at appellant’s cost.
APPEAL DISMISSED IN PART, MAINTAINED IN PART.