GAUDIN, Judge.
Appellant Juanita Stone sought to nullify and set aside a final judgment in the 24th Judicial District Court because the judgment was based on promissory notes given for gambling debts. The trial judge maintained an exception of prescription and we affirm.
After suit on the notes was filed, personal service was made on appellant on May 15, 1980 and a default judgment taken on June 6, 1980. Appellant was served personally with a copy of the judgment on July 27, 1980. She did not move for a new trial or lodge an appeal; instead, she waited until May 3, 1983 and filed a petition to annul.
The Code of Civil Procedure states that final judgments can be annulled for vices of form or for vices of substance.
Art. 2002 says that a final judgment shall be annulled for vices of form if rendered:
“(1) Against an incompetent person not represented as required by law;
“(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
“(3) By a court which does not have jurisdiction over the subject matter of the suit.”
Judgments in violation of Art. 2002 are absolutely null, and an action to annul on these grounds may be brought at any time. While appellant does not contend that she fits under Art. 2002 as written, she does argue that the judgment is contra bonos mores — against good morals — and should be annulled for that reason.
Art. 2002, however, is exclusive of other grounds. See Webb v. Polk Chevrolet, Inc., 415 So.2d 402 (La.App. 1st Cir.1982); also, Warner v. Garrett, 268 So.2d 92 (La.App. 1st Cir.1972), writs denied at 270 So.2d 123.
Art. 2004 deals with judgments that are relatively null and reads:
“A final judgment obtained by fraud or ill practices may be annulled.
“An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.”
Even if the instant judgment was obtained by “fraud or ill practices,” the action to annul was not timely filed. Appellant received personal notice of both the suit and the subsequent judgment. A judgment debtor rule was filed on August 19, 1980 and personally served on August 27, 1980, and appellant appeared for the rule on September 9, 1980.
Art. 2004 gave appellant one year from discovery of the fraud or ill practices in which to institute a suit to annul, and clearly more than a year passed from “discovery” until May 3, 1983.
Accordingly, we affirm the trial judge’s maintaining the exception of prescription, with appellant to pay all costs.
AFFIRMED.