460 So.2d 703 (1984)
Barbara Ann Atile Pichadou BOUDREAUX, Appellant,
v.
Robert H. BOUDREAUX, Appellee.
No. 83-1138.
Court of Appeal of Louisiana, Third Circuit.
December 2, 1984.
*704 Stockwell, Sievert, Viccellio, Clements & Shaddock, Kirk A. Bergeron, Lake Charles, for appellant.
Morris & Casey, Gerald J. Casey, Lake Charles, for appellee.
Before FORET, CUTRER and CULPEPPER[*], JJ.
FORET, Judge.
This appeal is from a judgment reducing the child support award previously made to Barbara Boudreaux on behalf of her minor child, Nicole, in the amount of $100 per month for a period of one year, beginning August 1, 1983, and ending August 1, 1984. The appellant, Barbara Boudreaux, appeals this reduction in support based upon the appellee's failure to establish a change in circumstances warranting such a reduction. We reverse the judgment of the trial court.
Barbara and Robert Boudreaux were divorced on July 22, 1982 in Lake Charles, Louisiana. Robert was ordered to pay $350 in child support each month for the care of his minor child, Nicole. During the separation and divorce proceedings, Barbara filed at least four rules to make past due child support executory, and it was after the last rule that Robert filed his rule to reduce the support and petitioned for joint custody. (The request for joint custody was subsequently abandoned.)
After the hearing on this matter, the trial court noted that,
"Perhaps in the strict legal technical sense there has not been a change of circumstances as is contemplated by the law; on the other hand, perhaps there is. Apparently you are someone that needs some breathing room."
Accordingly, the judgment was then reduced by $100 per month for a period of one year in order to give Mr. Boudreaux some "breathing room". We find that the trial court was clearly wrong in making such a reduction absent a clear showing of the change in circumstances required by our law and jurisprudence in cases in which modification of child support awards is sought. Durbin v. Durbin, 424 So.2d 1130 (La.App. 1 Cir.1982).
The record shows that Robert does indeed have some financial woes occasioned by his failure to pay the Internal Revenue Service and his desire to establish his business in another location. He is a mechanic who operated his own shop in Lake Charles until his financial troubles forced him to close his business. Robert has now opened another shop in San Antonio, Texas and, as a result, has incurred new and additional expenses. Robert testified at trial that he did not want his support obligation eliminated, simply reduced so that he can pay his IRS debt of some $56,000. In other words, he either pays his wife or he pays the IRS.
Mr. Boudreaux offered only an affidavit of his current expenses and earnings and nothing to show in what ways those things differed from the time of the original judgment. In fact, the largest expenses shown were those from previously incurred debts for a business which, we understand, was shut down prior to the judgment of divorce. Robert produced only his checkbook, checking account statement, and some income tax records (incomplete) to substantiate his claims. Robert contended that he was unable to pay both his support and IRS obligations and, at the same time, testified that *705 his ability to pay his bills and his income were better at present than the year before.
Robert's obligation to support his child is the primary one, and he will not be relieved of that obligation because of an unstable financial condition which he has brought about himself. Dugas v. Dugas, 374 So.2d 1278 (La.App. 3 Cir.1979).
As the Court in Moore v. Moore, 380 So.2d 180 (La.App. 2 Cir.1980), said:
"The support obligation imposed on the father and the mother of minor children by CC Art. 227 is firmly entrenched in our law and is a matter of public policy. Neither equity (CC Art. 21) nor practical inability to pay (CC Art. 232) overrides this policy or allows a parent to avoid paying his or her share of the obligation where the inability arises solely from that parent's own neglect and failure. Laiche [v. Laiche, 237 La. 298, 111 So.2d 120 (1959)], supra. See also Halcomb v. Halcomb, 343 So.2d 1183 (La.App. 3d Cir.1977); Baer v. Simon, 334 So.2d 796 (La.App. 3d Cir.1976); Tablada v. Tablada, 356 So.2d 1031 (La.App. 1st Cir.1977); Shows v. Shows, 345 So.2d 975 (La.App. 2d Cir.1977), cert. denied; Theriot v. Melancon, 311 So.2d 578 (La. App. 3d Cir.1975).
In the absence of a fortuitous change in circumstances authorizing a reduction in child support, a parent even in financial straits, is obligated to support the legitimate needs of his or her children during their minority. Halcomb, supra."
Robert's newest expenses have been incurred as a result of a business judgment which he made, despite the fact that he has numerous existing debts to extinguish. We do not feel that Robert showed the change in circumstances required to modify the original award, for if he had, we do not believe that the trial court would have ordered the temporary reduction that it did. While we sympathize with Mr. Boudreaux's position, the courts cannot act as his financial counselors and provide "breathing room" when he finds himself "between a rock and a hard place" brought about by his own poor fiscal management.
Accordingly, the judgment of the trial court awarding a reduction of $100 per month for the year beginning on August 1, 1983 and ending August 1, 1984, is hereby reversed, and the matter is remanded to the trial court for further proceedings consistent with the views hereinabove expressed.
Costs of this appeal are assessed against appellee, Robert Boudreaux.
REVERSED AND REMANDED.
NOTES
[*] Judge William A. Culpepper, Retired, Judge Ad Hoc.