594 So.2d 1039 (1992)
Judy Cieslewicz CONNER, Plaintiff-Appellee,
v.
Thomas CONNER, Defendant-Appellant.
No. 90-837.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1992.
*1040 Stephen Spring, Lafayette, for plaintiff/appellee.
Elizabeth Dugas, Lafayette, for defendant/appellant.
Before DOMENGEAUX, C.J., STOKER, J., and MARCANTEL,[*] J. Pro Tem.
BERNARD N. MARCANTEL, Judge Pro Tem.
The issue presented by this appeal is whether or not the trial court erred in its award of child support.

FACTS
Judy Cieslewicz Conner (hereinafter plaintiff) and Thomas Conner (hereinafter defendant) were married on March 17, 1973. One child was born of their marriage, Brian Joseph Conner (hereinafter the child).
Plaintiff filed for a Petition for Legal Separation on April 28, 1988 on the grounds of abandonment. Plaintiff sought attorney's fees, alimony and child support. On June 21, 1988, plaintiff filed a First Supplemental and Amending Petition seeking an immediate divorce on the grounds of adultery. Defendant answered both petitions denying that he had abandoned plaintiff and admitting that he committed adultery. Defendant also claimed that plaintiff forced him out of the home and she was guilty of cruel treatment. Defendant also sought joint custody of the minor child of the marriage and that there be judgment in his favor.
A Judgment of Divorce was signed on November 2, 1988, on the basis of adultery *1041 on the part of defendant. Joint custody orders were signed on July 7, 1988, December 12, 1988, and May 11, 1989, and plaintiff was granted provisional custody of the child.
On April 17, 1989, defendant filed a Motion to Compel asking that plaintiff produce documents as ordered in the subpoena duces tecum filed on behalf of defendant and served on plaintiff on March 27, 1989. On August 7, 1989, defendant filed a Motion for Contempt alleging that plaintiff had not produced the documents pursuant to a judgment signed May 10, 1989.
Plaintiff's rule for child support, alimony and attorney's fees and defendant's rule for contempt were heard on September 6, 1989. A judgment was signed on November 16, 1989. The trial court found that the child's monthly expenses totalled $1,200.00 per month and ordered defendant to pay $700.00 per month as child support. The trial court denied plaintiff's claim for alimony. The trial court also cast defendant with $500.00 in attorney's fees and costs of the rule. The trial court found in favor of defendant on the rule for contempt finding that plaintiff's attorney did not provide the subpoenaed information on one occasion and awarded defendant $250.00 in attorney's fees.
A Motion for a New Trial was filed on January 22, 1990 and denied on the same day without a hearing.
The defendant timely appeals and alleges as assignments of error that:
(1) The trial court erred in refusing to allow a new trial;
(2) The trial court erred in determining the need of child support at $1,200.00 per month;
(3) The trial court erred in determining that defendant was capable of paying $700.00 per month child support;
(4) The trial court erred by granting a much higher standard of living to the child now that the parents are separated;
(5) The trial court erred in the value it placed on the assets received by each party and the debts assumed by each party in the community property settlement;
(6) The trial court erred in making the child support judgment retroactive to the date of filing;
(7) The trial court erred in allowing into evidence bank records subpoenaed by plaintiff;
(8) The trial court erred in finding that defendant deliberately bankrupted his company to avoid his child support obligations;
(9) The trial court erred in treating sidebar comments by plaintiff's attorney as evidence;
(10) The trial court erred in setting child support so high as to make it appear punitive in nature; and
(11) The trial court erred in considering the income of defendant's present wife.

MOTION FOR A NEW TRIAL
In his first assignment of error, defendant alleges that the trial court erred in failing to grant his Motion for a New Trial.
After an examination of the record, we find that defendant did not submit a verifying affidavit with his Motion for a New Trial to support his claim of newly discovered evidence. Charpentier v. La. Land and Exploration Co., 415 So.2d 452 (La.App. 1 Cir.1982). For these reasons, we find the trial court properly denied defendant's Motion for New Trial.

CHILD SUPPORT
We will next discuss together those assignments of error that relate to the determination of the award of child support. The Louisiana Supreme Court has set forth the following provisions to be considered when awarding child support:
"Louisiana Civil Code Article 227 provides that parents have the obligation to support, maintain, and educate their children. This support shall be granted in proportion to the needs of the child and the circumstances of the parent who is to pay. LSA-C.C. Art. 231. If the parents are divorced and the children are living with their mother, the children are entitled to the same standard of living as if they resided with their father whenever *1042 the financial circumstances of the father permit. Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953); Sarpy v. Sarpy, La.App., 323 So.2d 851 (1975), cert. denied, La., 328 So.2d 166 (1976); Phillips v. Phillips, La.App., 319 So.2d 566 (1975)." Ducote v. Ducote, 339 So.2d 835 at page 838 (La.1976).
This court has held that in connection with awards of child support by the trial court that:
"The trial court is vested with wide discretion in determining the amount of child support to be contributed by each parent. Ducote, supra; Silas v. Silas, 399 So.2d 779 (La.App. 3rd Cir.1981) writ denied, 404 So.2d 278 (La.1981); Ducree v. Thomas, 415 So.2d 1009 (La.App. 4th Cir.1982). Such a determination will not be disturbed absent a showing the trial judge abused that discretion ..." Arceneaux v. Arceneaux, 426 So.2d 745, at page 747 (La.App. 3 Cir.1983).
An award of child support is a determination of the amount of money it will take to meet the needs of the child. It is determined on a case-by-case basis. In the present case, it was determined that the child needed $1,200.00 per month in order to maintain him in the same standard of living to which he was accustomed prior to the divorce. After a review of the record, and the evidence of the expenses of this child, we cannot say that the trial court abused its discretion in the determination of the amount of child support awarded the child. We find that this amount, although considerable, does not grant the child a higher standard of living than he was accustomed to prior to divorce.
Defendant also claims that the trial court erred in determining that he was capable of paying $700.00 per month as child support. Defendant claims that in setting the amount of child support he is to pay, the trial court erred in the value placed on the assets received by each party, and the debts assumed by each party in the community property settlement.
When setting the amount of child support that a person will be responsible for paying, we look at the circumstances of those who are to pay it. La.C.C. Art. 231. In his reasons for judgment, the trial judge found that defendant had intentionally bankrupted his company with the aim of denying his wife and child a means for their support. He also stated that defendant did not draw any salary in his new business, and all his expenses were paid by his new wife. The trial judge considered these facts and the property defendant received in the community property settlement and determined that defendant was capable of paying $700.00 per month in child support.
Prior to divorce, defendant and plaintiff owned four businesses together: Lafayette Property Maintenance, Lafayette Property Management and Rentals, Lafayette Floor Designs, and Professional Carpet Systems. Defendant voluntarily placed Lafayette Property Maintenance into Chapter Seven bankruptcy. Lafayette Property Management and Rentals was a company solely on paper that did no transactions. Lafayette Floor Design bought carpet from the mills to feed Lafayette Property Maintenance. Defendant is now the sole owner of Professional Carpet Systems. Defendant also testified that he spends at the minimum of 40 hours a week at Professional Carpet Systems and that he has decided not to pay himself a salary because the company cannot afford it. Professional Carpet Systems has been in operation since February 1987.
Steven E. Vice, a branch president with Fleet North Star Bank Group who had known defendant on a professional and personal basis, testified that on several occasions defendant told him that he was going to take his business down and milk it dry. He also stated that defendant told him that he and his present wife would be starting a new business.
Sidney Crawford, a certified public accountant, was hired by plaintiff to perform audit functions of the three businesses of which defendant was an officer and director. He testified that Lafayette Property Maintenance had a gross income of $385,342.07 from January 1988 through September 1988. Additionally, he testified that there were total cash withdrawals of *1043 $24,177.00 from Lafayette Property Maintenance and Professional Carpet Systems, $15,070.00 which were actually endorsed by defendant. He also stated that Lafayette Property Maintenance had mostly a cash loss.
The reviewing court must give great weight to factual conclusions of the trier of fact, and where there is conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
"We have recognized that a parent's obligation to support his child is of primary importance and is a matter of public policy. Boudreaux v. Boudreaux, 460 So.2d 703, 705 (La.App. 3d Cir.1984). A parent's practical inability to pay does not allow that parent to avoid his share of the obligation when that inability arises from his own neglect or failure. Even when a parent is in financial straits, he is obligated to support the legitimate needs of his child during minority. Although a court may sympathize with a parent's problems, it may not act as a financial counselor to relieve problems brought on by his own poor fiscal management. Id.
Although a parent may be unemployed, he is not relieved of his duty to support and maintain his children. He is only excused from this obligation if it appears that he is not only unemployed, but unemployable. Chaudoir v. Chaudoir, 446 So.2d 951, 953 (La.App. 3d Cir. 1984)." McManus v. McManus, 528 So.2d 1105, at page 1107 (La.App. 3 Cir. 1988).
Defendant's inability to pay child support was brought on by his own hand. The trial judge found that defendant intentionally bankrupted his company and has his present wife pay all his expenses. He has chosen to receive no salary from his present business to which he devotes over 40 hours a week and which has also been in operation since February 1987. At the time of the trial his company had not turned a profit.
This court cannot relieve the financial problems which defendant brought on himself. Defendant has a duty to support and maintain his child. Defendant is employed; he has just chosen not to pay himself a salary.
Defendant also claims that the trial court erred in considering his present wife's income. When a party has remarried, the earnings of that spouse are to be considered in making an award of child support. Such earnings are one aspect of the totality of circumstances. Lagrone v. Lagrone, 499 So.2d 1120 (La.App. 3 Cir. 1986). In the present case, defendant has the benefit of his present wife paying all of his expenses. This certainly places a lesser financial burden on defendant.
After a review of all the evidence in the case, we find that the trial court was reasonable in its conclusion that defendant had intentionally bankrupted his business. We find that the trial court was not manifestly erroneous in its determination that defendant was capable of paying $700.00 per month toward support of his child. We also find that the trial court did not abuse its discretion in the value it placed on the assets and debts received by plaintiff and defendant in the community property settlement. This is a part of the totality of the circumstances, just as defendant's present wife's earnings are. The trial court looked at many factors in determining the amount of child support and reached a reasonable conclusion.
Since we have determined that the trial court's determination of child support was reasonable and that the trial court was not manifestly erroneous in its determination that defendant was capable of paying $700.00 per month, we find no merit to defendant's argument that the trial judge set child support so high so as to punish defendant for deliberately bankrupting his business.
Defendant also claims that the award of child support should not be made retroactive to the date of the filing of the petition for child support.
La.R.S. 9:310 states:

*1044 "A. An order for child support or alimony shall be retroactive to the filing date of the petition for child support or alimony granted in the order.
B. Any support of any kind provided by the judgment debtor from the date the petition for support is filed to the date the support order is issued, to or on behalf of the person for whom support is ordered, shall be credited to the judgment debtor against the amount of the judgment.
C. In the event the court finds good cause for not making the award retroactive, the court may fix the date such award shall become due."
Defendant claims that the child suffered no change in his living circumstances; therefore, the award of child support should not be made retroactive. Defendant also claims that plaintiff did not request that the hearing on child support be reset until the Spring of 1989.
La.R.S. 9:310, dealing with retroactive payment of child support, makes it mandatory that an award of child support be retroactive to the filing date of the petition unless the court finds good cause for not making the award retroactive. Broussard v. Broussard, 532 So.2d 281 (La.App. 3 Cir.1988).
After a review of the record, we can find no "good cause" for not making the award of child support retroactive. The fact that the child suffered no change in his living circumstances is not "good cause." Additionally, the evidence in the record indicates that continuances for the hearing on child support were requested by counsel for both parties. For these reasons, we find that the trial court was correct in making the child support award retroactive to the filing date of the petition seeking same, April 28, 1988.

ATTORNEY'S REMARKS
Defendant claims that the trial court improperly considered "side-bar" remarks by counsel for plaintiff in reaching his decision. Defendant refers to the trial judge's statement in his ruling "The Court finds it irregular that he or someone else would continue to operate this business and work, by his own admission, over forty hours a week with no hope of making a profit."
Defendant testified that he worked over 40 hours a week in his business, Professional Carpet Systems. He also stated that he received no salary because the company could not afford it. This company has been in existence since February 1987.
We find, from this testimony, that it was reasonable for the court to find irregular the plea that defendant or someone else would continue to operate this business and work, by his own admission, 40 hours a week with no hope of making a profit.

BANK RECORDS
Defendant claims that the trial court should not have allowed plaintiff to introduce some of defendant's bank records obtained by a subpoena duces tecum when defendant was not notified within ten days prior to the issuance of the subpoena.
La.R.S. 6:333(A) states:
"A. A bank shall disclose financial records of its customers pursuant to a lawful subpoena, summons, or court order served upon one of the registered agents for service of process of the bank only if the bank is furnished by the person requesting the subpoena, summons, or court order with an affidavit that such subpoena, summons, or court order has also been served upon the customer whose records are sought at least ten days prior to the date on which the records are to be disclosed. No bank, director, officer, employee, or agent thereof, shall be held civilly or criminally liable for disclosure of financial records of such a customer pursuant to a subpoena, summons, or court order which on its face appears to have been issued upon lawful authority and is accompanied by such an affidavit."
In Burford v. First National Bank in Mansfield, 557 So.2d 1147 (La.App. 2 Cir. 1990), a wife was allowed to introduce into evidence in a lawsuit regarding the division *1045 of community property a financial statement that her husband had provided to the bank in order to update his file with the bank. The Court held that the wife had a right to obtain the statement and to introduce it into evidence. The Court stated that the wife had breached no duty to her husband by procuring the statement. The Court held that it was the bank that had breached a duty of confidentiality in favor of their customer (the husband) and it is that breach of a duty which creates harm that was actionable.
In the present case we have a very similar situation. We agree with the court's reasoning in Burford, supra. La. R.S. 6:333 imposes a duty on the bank not to disclose financial records of its customers, unless the subpoena is accompanied by an affidavit that such subpoena had been served on the bank customer at least ten days prior to the date on which such records are to be disclosed. In this case, the bank disclosed such records without such an affidavit being served with the subpoena. The bank violated La.R.S. 6:333, not the wife. Since this was a hearing for alimony and child support, defendant's financial status is relevant to a determination of his ability to pay. Therefore, the plaintiff had a right to obtain the records and introduce them into evidence.
For these reasons, the trial court did not err in allowing plaintiff to introduce the financial records of defendant into evidence.

ALIMONY
The plaintiff also attacks the trial court's reasoning in its denial of alimony to plaintiff.
A judgment cannot be changed in favor of an appellee who had neither appealed, nor answered his adversary's appeal. La.C.C.P. Arts. 2121 and 2133; Boswell v. Roy O. Martin Lumber Co., Inc., 363 So.2d 506 (La.1978); State In Interest of Minor Children v. Mother, 558 So.2d 310 (La.App. 3 Cir.1990); Thomson McKinnon Sec. v. Hardy Warehouse, 562 So.2d 990 (La.App. 3 Cir.1990). Plaintiff did not appeal the trial court's judgment, nor did she answer the appellant's appeal.
For the reasons assigned, the judgment of the trial court is affirmed. All costs of this appeal are assessed to defendant-appellant.
AFFIRMED.
NOTES
[*] Judge Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.