LANDRIEU, Judge.
We are asked to decide whether plaintiff’s petition seeking to nullify a judgment which dismissed with prejudice her paternity action was itself properly dismissed on an exception of prescription. We reverse and remand for consideration of the merits of the nullity action.
FACTS:
After the State of Louisiana through the Department of Health and Human Resources brought suit on March 24, 1988 to establish the paternity of the minor child, Jovan Lymuel, the child’s mother, Patricia Lymuel, retained as private counsel, Joseph LaHatte. Mr. LaHatte filed a motion to set the matter for trial and received a trial date of May 18, 1989. Although defendant and his counsel, Anthony Skidmore, appeared for the trial, neither Ms. Lymuel nor her attorney was in attendance.
The trial was re-set, at the request of defense counsel, for October 19, 1989. There is no indication in the record that notices of the new trial date were sent to the parties by the clerk of court. The absence of notice by the court is further substantiated by the fact that Mr. LaHatte allegedly filed on June 19, 1989 a motion to re-set the matter for trial. Although Mr. LaHatte’s file contains a clocked-in copy of a second motion to set, the original of the motion does not appear in the court record and the court’s computer does not reflect that it was filed.
Nevertheless, defendant and his counsel were again in attendance for the October 19, 1989 trial date. When plaintiff’s counsel failed to appear for the second time, the judge granted defense counsel’s oral motion to dismiss the suit. On that same day, she signed an order of dismissal “with prejudice,” which was presented to her by defense counsel. However, the transcript of the hearing does not reflect that the judge *793 intended to dismiss the suit “with prejudice.”
Although no notice of the signing of a final judgment was mailed to the parties by the clerk of court, counsel for the defendant requested that service of the judgment be completed on the plaintiff, through her counsel, and on the counsel personally. The records of the Orleans Parish Civil Sheriff reflect that service on the plaintiff was accomplished, as requested, on November 7, 1989, but there is no return in the court record. Furthermore, counsel for the plaintiff, upon whom the service was allegedly made on November 7, 1989, introduced into evidence a page from his appointment book indicating that he was “off” on the day in question. It is not disputed, however, that personal service of the judgment of dismissal was completed on Mr. LaHatte on February 12, 1990.
On August 31, 1990, alleging absence of notice of either the second trial date or the signing of the judgment, petitioner filed a motion for a new trial. That motion apparently was denied as untimely under the provisions of La.Code Civ.Proc.Ann. art. 1974 (West 1990).
Therefore, on November 27, 1990, a petition for nullity of judgment was filed, in which petitioner complained that she was not notified of the second trial date and that the written judgment of dismissal “with prejudice” exceeded the judge’s oral ruling. Defendant excepted on the basis of prescription. After defendant’s exception was maintained on April 8, 1991, this appeal was lodged.
DISCUSSION:
A final judgment may be nullified for several reasons. Such action may be brought at any time, according to La.Code Civ.Proc.Ann. art. 2002(2) (West 1990), if it is rendered
[ajgainst a defendant who has not been served with process as required by law and who has not entered a general appearance ....
Judgments rendered in violation of art. 2002 then are absolutely null. The second reason for nullifying a final judgment is found in La.Code Civ.Proc.Ann. art. 2004 (West 1990), which deals with relative nullities. A relative nullity action must be brought within one (1) year of the discovery by the plaintiff, if the final judgment is obtained by fraud or ill practice.
Petitioner claims the final judgment of the trial court in this case should be nullified on the basis of either art. 2002 or art. 2004. The trial judge ruled that art. 2002 has no application to the facts of this case and that a claim under art. 2004 had prescribed before the suit to annul was filed. Since we find that appellant’s action under art. 2004 has not prescribed, we need not address the applicability of art. 2002.
According to the Louisiana Supreme Court, art. 2004
is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where enforcement of the judgment would be unconscionable and inequitable.
Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1070 (La.1983). However, reliance upon art. 2004 requires that an action to annul a judgment must be brought within one year of the discovery of the fraud or ill practices.
In this case, the judgment that petitioner seeks to annul was rendered on October 19, 1989; service of the judgment was allegedly made on petitioner through her counsel of record on November 7,1989; and the nullity action was filed on November 27, 1990. If plaintiff had all the facts concerning the supposed ill practices more than one year prior to November 27, 1990, the action for nullity has prescribed. However, the record indicates that petitioner did not discover the fraud or ill practice before that date.
November 7, 1989 is acknowledged to be the earliest possible date upon which prescription could begin to toll. However, even assuming that the judgment dismiss *794 ing plaintiffs paternity action was served upon counsel of record on that date, it by no means establishes that the plaintiff discovered or should have been discovered the ill practice immediately.[1] Instead, it indicates the date upon which an investigation should have been initiated.
Testimony at the hearing on defendant’s exception of prescription indicated that discovery of the alleged ill practices occurred well after November 27, 1989. That delay was occasioned by the investigation concerning the setting of the second trial date, which required conferences with the opposing counsel and a review of the court record, as well as by the acquisition of the transcript of the proceedings of October 19, 1989. In view of the confusion surrounding the setting of the second trial date and the delay associated with a court reporter’s schedule, the plaintiff’s contention that the ill practice was not discovered until sometime later is supported by the circumstantial evidence. Since there is no conflicting evidence in this regard, any other determination by the trial court concerning the date of discovery of the alleged fraud and ill practice is clearly wrong.
Therefore, we conclude that the trial court erred in maintaining the defendant’s exception of prescription. The judgment of the trial court is reversed, and the case is remanded for consideration of the merits of plaintiff’s nullity action.
REVERSED AND REMANDED.

. In Clark v. Stone, 447 So.2d 1202 (La.App. 5th Cir.1984), cited by the defendant, the court did conclude that one (1) year had passed from the discovery of the fraud or ill practice until the filing of the suit to annul. However, the court did not determine when discovery actually occurred. Instead, it noted that the appellant had received notice of the lawsuit and the judgment and had appeared for a judgment debtor rule more than two and one-half (2½) years before filing the suit to annual. Furthermore, the defendant's basis for annulment was that a judgment on promissory notes given for gambling debts was contra bonos mores, grounds which would have been known to the defendant on receipt of the judgment.