DECUIR, Judge.
Both Wanda Hunt Joiner and Charles R. Joiner appeal the decision of the trial court modifying a joint custody judgment giving plaintiff, Dr. Charles R. Joiner, principal domiciliary parent status four and a half months of the year and increasing child support. We reverse in part, amend in part and remand with instructions.
FACTS
Wanda and Charles Joiner were divorced on February 1, 1989. They were granted joint custody of their minor son, Britten Michael Joiner, and Wanda was designated primary residential custodian of Britten. Charles was granted reasonable visitation with Britten subject to agreement between *582 the parties. A community property settlement was entered into whereby Charles paid most of the community debts, agreed to pay Wanda $200.00 a month until January 1,1991 and child support of $600.00 per month. Charles later married Grace Veal-Joiner who has one teenage daughter from a prior marriage.
On April 19, 1991, Charles filed a rule to show cause why full implementation of joint custody should not be granted and requested a reduction in child support. Charles requested $300.00 a month child support go to Wanda and $300.00 be deposited in an educational fund. On May 23, 1991, Wanda filed an answer to Charles’ petition stating that joint custody was already in effect and that she should continue to be designated the principal domiciliary parent and specific visitation should be set in a plan of joint custody implemented by the court. She argued there should be no reduction in child support but requested an increase in child support on the basis that a material change took place in the income of the parties, i.e. Charles remarried and Charles’ wife’s contribution to the community income should be considered in determining child support under the Louisiana Child Support Guidelines.
On September 16, 1991, Charles filed an answer to the reconventional demand entering a general denial and filed an exception of no cause of action. The custody matter was heard the same day. On September 23, 1991, the trial court rendered reasons for judgment of custody. Also, the child support matter was heard, at which time Charles objected to any enlargement of the pleadings. On September 26, 1991, the trial court rendered reasons for judgment in the support issue. The formal judgment on custody and child support was signed October 23, 1991. The trial court increased child support from $600.00 per month to $995.00 per month when Britten resides with Wanda and awarded Wanda $450.00 per month when Britten resides with his father, Charles. The trial court also appointed Wanda the principal domiciliary parent only from October 1 to May 15 and appointed Charles principal domiciliary parent of Britten from May 15 to October 1.
Both parties filed applications for a new trial and/or reargument. A hearing was held on those applications for a new trial, and a judgment denying both applications was signed December 10, 1991. Wanda applied for writs of certiorari to the Third Circuit Court of Appeal which was denied. Wanda filed a devolutive appeal on December 30, 1991, and on March 31, 1992 Charles answered the appeal.
Wanda asserts three assignments of error. First, Wanda alleges the trial court committed manifest error in modifying the custody judgment in which Wanda was designated the principal domiciliary parent. Wanda alleges the court awarded principal domiciliary parent status to Charles for part of the year without Charles alleging a factual change of circumstances in the petition warranting a modification of the judgment and without requiring Charles to carry the heavy burden of proving custody in Wanda was so deleterious as to warrant a change of custody. Wanda further asserts the trial court committed manifest error in failing to apply Louisiana Child Support Guidelines in determining child support based on documented evidence of factors under Louisiana Child Support law. Her last assignment of error is the trial court committed manifest error in failing to make child support retroactive to the date of the filing of the child support claim.
Charles asserts two assignments of error. Charles alleges the trial court erred in applying La.R.S. 9:315.14 and increasing the child support obligation from $600.00 per month to $955.00 per month without any evidence reflecting additional needs of the child. The second assignment of error is the trial court erred in granting Wanda $450.00 per month child support while Britten resides with Charles. We divide the assignments of error into two topics: custody and child support. Charles also requests damages for frivolous appeal.
CUSTODY
Wanda contends the trial court erred in modifying the joint custody decree *583 which designated Wanda as primary domiciliary custodian. The trial court modified the custody decree by designating Charles as primary domiciliary custodian 4½ months of the year and Wanda as primary domiciliary custodian the remaining V-k months. This court notes that Charles did not request a modification of the joint custody decree to designate him as primary domiciliary custodian. The original custody decree in the case sub judice was a “considered decree.” Therefore, the burden of proof rule enunciated by our Supreme Court in Bergeron v. Bergeron, 492 So.2d 1193 (La.1986) is applicable. That rule states:
"... When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification’of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child. See Bankston vs. Bankston, 355 So.2d 58 (La.App. 2d Cir.1978); Languirand vs. Languirand, 350 So.2d 973 (La.App. 2d Cir.1977). Cf. Unif. Marriage and Divorce Act, 9A U.L.A. § 409 (1979) ...” Bergeron, supra, at page 1200.
See Miller v. St. Clergy, 535 So.2d 563 (La.App. 3rd Cir.1988).
The trial court stated in Reasons for Judgment that both parents had equal qualifications to care for the child and there was no reason both parents should not have equal access to the Child. The trial court failed to articulate a change of circumstances, failed to articulate any deleterious circumstance, and failed to state any other reason to justify modification of the joint custody decree. We conclude that Charles failed to carry his burden of proving a change of circumstances sufficient to justify a modification of the joint custody decree. Accordingly, we reverse the judgment of the trial court in this respect and reinstate Wanda Joiner as primary domiciliary custodian of the minor child of the marriage.
CHILD SUPPORT
Charles alleges the trial court erred in increasing the child support obligation from $600.00 per month to $955.00 per month without any evidence of additional needs of the child and erred in granting Wanda $450.00 per month child support while Britten resides with Charles. Wanda alleges the trial court erred in failing to apply the Louisiana Child Support Guidelines properly and erred in failing to make the child support retroactive to the date of the filing of the child support claim. Having reversed the trial court’s judgment in reinstating Wanda as primary domiciliary custodian, we reverse the trial court’s child support award of $450.00 per month to Wanda during the time the minor child resides with his father. We next address the trial court’s judgment increasing the child support obligation to $955.00 per month.
Charles argues that since La.C.C. art. 131 states that child support is based “on the needs of the child” then absent proof of the increased needs of the child for support, the parent is not obligated to provide additional support. However, La.R.S. 9:311 is the controlling law for reduction or increase in child support awards. La.R.S. 9:311(A) provides: “An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.” Wanda proved that Charles had remarried and his wife, Grace, has a gross income of $30,500.00. La.R.S. 9:315(6)(c) provides “The court may also consider as income the benefits a party derives from expense-sharing or other sources; however, in determining the benefits of expense-sharing, the court shall not consider the income of another spouse, regardless of the legal regime under which the remarriage exists, except to the extent that such income is used directly to reduce the costs of a party’s actual expenses.” (Emphasis added). Charles testified that he is a physician and his new wife, *584 Grace, is a psychologist and they share an office and share expenses. Thus, Wanda did prove a change in circumstances from the time the original child support award was granted and the time of request for an increase. The trial court did not err in increasing the child support.
Wanda argues the trial court failed to apply the Louisiana Child Support Guidelines properly and erred in not allowing into evidence Wanda’s claim for child care costs and health insurance premiums. The combined gross income exceeds the highest figure on the Louisiana Child Support scale which is.$10,000.00, and La.R.S. 9:315.10(B) provides “If the combined adjusted gross income of the parties exceeds the highest level specified in the schedule contained in La.R.S. 9:315.14, the Court shall use its discretion in setting the amount of the basic child support obligation, but in no event shall it be less than the highest amount set forth in the schedule.” That highest amount is $1,059.00, which is what the trial court used in determining Charles’ 92V2 percent to be $950.00. However, the trial court did not allow testimony of child care costs or hospitalization insurance and thus did not add these costs to the basic child support obligation as mandated by La.R.S. 9:315.3 and La.R.S. 9:315.4. Wanda did make a proffer introducing proof that child care costs were $236.00 monthly and hospitalization insurance costs were $87.01 monthly. These costs should be added to the basic child support obligation of $1059.99 for a total of $1382.00. See La. R.S. 9:315.3 and 9:315.4. Charles’ 92½ percent of this amount is $1278.00. Thus, Charles should pay child support in the amount of $1278.00 per month, and the trial court’s award of child support is amended accordingly.
Wanda further contends the trial court erred in failing to make the child support retroactive to the date of the filing of the child support claim. La.R.S. 9:310(A) states: “An order for child support or alimony shall be retroactive to the filing date of the petition for child support or alimony granted in the order.” La.R.S. 9:310(C) further provides: “In the event the- court finds good cause for not making the award retroactive, the court may fix the date such award shall become due.” The trial court made the child support increase retroactive to September 15, 1991 rather than the date of the filing of the motion for increase which occurred on May 23, 1991. The trial court states in the reasons for judgment on the motion for new trial and rehearing that: “To have the increase effective on the date of filing would have necessitated Dr. Joiner paying a substantial sum'when the delays cannot all be attributed to him.” Thus, the trial court found “good cause” for not making the award retroactive to the date of the filing the petition for increase in the child support. Thus, this assignment of error is without merit.
Appellee asserts in his answer to the appeal that he is entitled to damages for frivolous appeal. Such damages are denied as this appeal is not frivolous for the reasons contained herein.
DECREE
The judgment of the trial court is reversed in part, amended in part. We remand with instructions to the trial court to implement a visitation schedule consistent with this court’s judgment reinstating Wanda Joiner as primary domiciliary custodian of the minor child born of the marriage.
Costs of appeal are assessed one-half to each party.
REVERSED IN PART, AMENDED IN PART, AND REMANDED WITH INSTRUCTIONS.
LABORDE, J., dissents and assigns reasons.
THIBODEAUX, J., dissents and adopts reasons to be assigned by LABORDE, J.