673 So.2d 1276 (1996)
Patricia Ann Nagman FARRIS, Plaintiff-Appellant,
v.
Bennie Wayne FARRIS, Defendant-Appellee.
No. 95-1475.
Court of Appeal of Louisiana, Third Circuit.
May 1, 1996.
*1277 Foster Clay Tillman Jr., Scott Westerchil, Leesville, for Patricia Ann Nagman Farris.
Bennie Wayne Farris, Pro Se.
Before KNOLL, WOODARD and PETERS, Judges.
KNOLL, Judge.
Patricia Ann Nagman Farris appeals the trial court's failure to make a judgment of child support retroactive to the date of the filing of her rule to show cause for an increase of child support. For the following reasons, we amend the judgment of the trial court.

FACTS
Patricia Ann Nagman Farris and Bennie Wayne Farris were divorced on April 4, 1993. Custody of their three children, William Scott Farris, age 16, Christopher Dale Farris, age 12, and Amanda Farris, age 10, was awarded jointly. Patricia Farris was designated the domiciliary parent of the two youngest children, Christopher and Amanda. Bennie Farris was designated the domiciliary parent of the elder son, William.
Originally, child support was set in the amount of $350 per month per child. Therefore, under the custody agreement, Bennie Farris paid Patricia Farris $350 per month. This amount took into consideration the offset in payments due to the fact that Bennie Farris had custody of one of the children, William Farris. Since Bennie Farris' obligation to support Christopher and Amanda was offset by Patricia Farris' obligation to support William, the monthly support actually paid by Bennie Farris was only $350.
On September 21, 1994, William Farris attained the age of majority, and Patricia Farris' support obligation for William Farris was therefore terminated. A few days later, on September 28, 1994, Patricia Farris filed a rule to show cause for an increase of child support. She requested that the court recognize that Bennie Farris was no longer *1278 entitled to offset his support obligation because William Farris had attained the age of majority. In addition, she requested an increase in child support because of an increase in the needs of the children and an increase in Bennie Farris' ability to pay. The rule was originally set for hearing on December 6, 1994. At the request of Bennie Farris, who was working outside Louisiana at the time, the hearing was upset. On April 21, 1995, Patricia Ferris filed a motion to refix the rule for hearing, which was reset for June 23, 1995.
Prior to the hearing, the parties stipulated that child support be increased to $425 per month per child, for a total of $850. This meant that Bennie Farris' total support obligation increased from $350 per month to $850 per month. He also agreed to pay one half of the children's medical, dental, and extraordinary educational expenses. The only issue at the hearing was whether the increase in child support should be applied retroactively to September 28, 1994, the date of the filing of the rule.
After a short hearing on June 23, 1995, the trial court increased the child support to $425 per month per child, as agreed upon by the parties. The court considered the issue of retroactivity, and decided that because of the delay in refixing the rule for hearing, the award should be made only partially retroactive and awarded $3,000. The trial judge stated that this award included Bennie Farris' share of the medical, dental, and extraordinary education expenses, which amounted to $997, leaving only $2,003 in retroactive support. Had the judgment been applied retroactively to the date of filing of the rule, the retroactive portion of the award would have been $4,500.
Patricia Farris brings this appeal, asserting that the trial court erred in failing to apply the support award retroactive to the date of filing of the rule.

LAW AND ANALYSIS
La.R.S. 9:315.21 provides for retroactive application of child support:
C. Except for good cause shown, a judgment modifying or revoking a final child support judgment shall be retroactive to the date of judicial demand.
* * * * * *
E. In the event that the court finds good cause for not making the award retroactive to the date of judicial demand, the court may fix the date on which the award shall commence.
The parent's obligation of support and upbringing is a legal duty owed to the child, and it cannot be renounced or suspended. Dubroc v. Dubroc, 388 So.2d 377 (La. 1980). The support obligation necessarily fluctuates in accordance with the child's needs and the parent's ability to pay. In Hogan v. Hogan, 549 So.2d 267 (La. 1989), the Louisiana Supreme Court commented on the reasons for retroactivity of support awards:
Under the legislative and doctrinal scheme, the creditor's substantive right to alimony clearly begins, fluctuates and ends in accordance with his needs and the debtor's ability to pay. Accordingly, a utopian court, following the code and Plainol literally, would decree that any modification in the alimony award shall take effect as of the precise moment of the consequential change in the parties' situation. In the interests of judicial efficiency and social utility, however, this court has superimposed a procedural rule limiting the retroactive scope of a court's determination a debtor's entitlement to a reduction of or a discharge from his liability: relief may be granted only from and after the time it is sought by an appropriate pleading.
* * * * * *
A study of the characteristics of the alimentary system preexisting La.R.S. 9:310 leads us to conclude that while it, for the most part, demanded that initial alimony and increase orders be retroactive to filing, it also permitted the court within its discretion to fashion a different solution when required by justice in extraordinary circumstances.
Hogan, 549 So.2d at 273.
Most of the jurisprudence interpreting the retroactivity of child support payments arises under La.R.S. 9:310, which is *1279 the direct predecessor article to La.R.S. 9:315.21. La.R.S. 9:315.21 makes the retroactive award mandatory unless the court finds good cause for not making the award retroactive. Conner v. Conner, 594 So.2d 1039 (La.App. 3 Cir.1992). The burden of proving good cause is on the defendant spouse. Broussard v. Broussard, 532 So.2d 281 (La. App. 3 Cir.1988).
This court has recognized that delays attributed to the support obligee may constitute good cause to deny the retroactive award of support. Joiner v. Joiner, 619 So.2d 581 (La.App. 3 Cir.1993). Nevertheless, the record reflects that the delays in the case sub judice were caused by Bennie Farris' inability to appear at the initial hearing. Although the trial court points out that the hearing was not refixed as quickly as it could have been, no evidence was adduced to attribute the delay to Patricia Farris.
The fact remains that Bennie Farris' underlying legal duty to support his children was never suspended. The increase in the support obligation was triggered when William Ferris attained the age of majority. Patricia Ferris complied with the procedural requirements, but the case was delayed by Bennie Farris' inability to appear at the initial hearing. The simple fact that there was a delay is, in our view, insufficient to constitute good cause in denying retroactive application of a child support award. It would be insensitive and inequitable indeed to allow a child support obligor to benefit from his own delay at the expense of his children. We therefore find that the trial court committed error in finding that delays attributable to the support obligor constituted good cause for denying the retroactive application of support.
For the foregoing reasons, we amend the judgment of the trial court and render judgment in favor of Patricia Ann Nagman Farris and against Bennie Wayne Farris in the amount of Four Thousand Five Hundred Dollars [$4,500.00] for child support due retroactively to the filing date of the rule to show cause for increase in child support. In addition, we affirm the trial court's judgment in favor of Patricia Ann Nagman Farris and against Bennie Wayne Farris in the amount of Nine Hundred Ninety-Seven Dollars [$997.00] for Bennie Wayne Farris' share of the children's medical expenses. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Bennie Wayne Farris.
AFFIRMED AS AMENDED, AND RENDERED.