704 So.2d 398 (1997)
STATE of Louisiana Through the DEPARTMENT OF HEALTH AND HUMAN RESOURCES in the Interest of Jovan LYMUEL, minor child of Patricia A. Lymuel
v.
Robert DUVIGNEAUD.
No. 97-CA-0988.
Court of Appeal of Louisiana, Fourth Circuit.
December 10, 1997.
*399 Anthony W. Skidmore, New Orleans, for Appellee.
Cecelia Farace Abadie, New Orleans, for Appellant.
Before BYRNES, ARMSTRONG and LANDRIEU, JJ.
BYRNES, Judge.
The facts and procedural history of this case up to the first appeal are set forth in State Through DHHR v. Duvigneaud, 602 So.2d 792, 792-93 (La.App. 4 Cir.1992):
After the State of Louisiana through the Department of Health and Human Resources brought suit on March 24, 1988 to establish the paternity of the minor child, Jovan Lymuel, the child's mother, Patricia Lymuel, retained as private counsel, Joseph LaHatte. Mr. LaHatte filed a motion to set the matter for trial and received a trial date of May 18, 1989. Although defendant and his counsel, Anthony Skidmore, appeared for the trial, neither Ms. Lymuel nor her attorney was in attendance. *400 The trial was re-set, at the request of defense counsel, for October 19, 1989. There is no indication in the record that notices of the new trial date were sent to the parties by the clerk of court. The absence of notice by the court is further substantiated by the fact that Mr. LaHatte allegedly filed on June 19, 1989 a motion to re-set the matter for trial. Although Mr. LaHatte's file contains a clocked-in copy of a second motion to set, the original of the motion does not appear in the court record and the court's computer does not reflect that it was filed.
Nevertheless, defendant and his counsel were again in attendance for the October 19, 1989 trial date. When plaintiff's counsel failed to appear for the second time, the judge granted defense counsel's oral motion to dismiss the suit. On the same day, she signed an order of dismissal "with prejudice," which was presented to her by defense counsel. However, the transcript of the hearing does not reflect that the judge intended to dismiss the suit "with prejudice."
Although no notice of the signing of a final judgment was mailed to the parties by the clerk of court, counsel for the defendant requested that service of the judgment be completed on the plaintiff, through her counsel, and on the counsel personally. The records of the Orleans Parish Civil Sheriff reflect that service on the plaintiff was accomplished, as requested, on November 7, 1989, but there is no return in the court record. Furthermore, counsel for the plaintiff, upon whom the service was allegedly made on November 7, 1989, introduced into evidence a page from his appointment book indicating that he was "off" on the day in question. It is not disputed, however, that personal service of the judgment of dismissal was completed on Mr. LaHatte on February 12, 1990.
On August 31, 1990, alleging absence of notice of either the second trial date or the signing of the judgment, petitioner filed a motion for a new trial. That motion apparently was denied as untimely under the provisions of La.Code Civ. Proc. Ann. art. 1974 (West 1990).
Therefore, on November 27, 1990, a petition for nullity of judgment was filed, in which petitioner complained that she was not notified of the second trial date and that the written judgment of dismissal "with prejudice" exceeded the judge's oral ruling. Defendant excepted on the basis of prescription. After defendant's exception was maintained on April 8, 1991, this appeal was lodged.
In that first appeal, we held that the trial judge erred in maintaining the defendant's exception of prescription, reversed the trial court judgment, and remanded the case for consideration of the merits of plaintiff's nullity action. Id. at 794. On remand, the trial judge rendered judgment in favor of defendant and dismissed plaintiff's petition for nullity. Plaintiff appealed a second time. In that second appeal we reversed the trial court, "granting plaintiff's petition of nullity" in an unpublished opinion, 94-CA-1285, pp. 4 & 5 (La.App. 4 Cir. 4/13/95), 652 So.2d 1098, and "remanded for a trial on the merits of plaintiff's petition to establish paternity and support obligation."
On this second remand, the trial court rendered judgment holding that the defendant, Robert Duvigneaud, is the biological father of Jovan Lymuel and ordered the defendant to pay child support to Patricia Lymuel for Jovan Lymuel retroactive to April, 1995. The plaintiff appeals the effective date of retroactivity, arguing that the child support should have been made retroactive to the date of the filing of the original petition in 1988 instead of the April, 1995 date fixed in the trial court judgment.
There are no formal written reasons for judgment, but the trial judge made the following statement contemporaneous with the rendering of her decision:
The main dispute that we have before us today was the dispute as to retroactivity. And this case, from what I understand, has gone through a rather tortured past. It's been dismissed, revived, gone up to the Court of Appeal on two occasions, and finally writs were denied before the Supreme Court. The case was filed originally in 1988, and it was finally disposed by the Supreme Court in December 1995. *401 It's my understanding as well that the blood tests were taken and the results were received in December of 1995.
Given the period of time that the case has taken, the Court has had a difficult time trying to decide what the retroactive factor would be in determining the support. It is this Court's belief that as a result of the procedural issues that have taken place with this case, that the Court will view retroactivity in terms of support back to the date of the Fourth Circuit decision, which is April 13, 1995. It is the Court's belief that at this time the case was revived which had previously been dismissed by the Court. It was my understanding that it was dismissed by Judge Magee. However, the dispute was as to whether the dismissal was with or without prejudice. And it was determined by the Court that the dismissal should not have been with prejudice. [Emphasis added.]
The sentence highlighted above in the quotation from the statement of the trial judge is incorrect. This Court's unreported decision in 94-CA-1285 was not based on whether the judgment of dismissal was improperly granted with prejudice when it should have been granted without prejudice. In 94-CA-1285 this Court held that no judgment should have been granted at all because:
[O]ur review of the record in this matter indicates there is no evidence that the trial court sent notice of the October 19, 1989, trial date to either party or that plaintiff waived notice of the trial date. We find the failure of the trial court to give plaintiff notice of the October 19, 1989, trial date was a procedure which operated to deprive plaintiff of a legal right such that enforcement of the judgment would be unconscionable and inequitable.
Thus the decree rendered by this Court in 94-CA-1285 did not amend the judgment of the trial court to reflect that it was a dismissal without prejudice. Instead, this Court nullified the judgment entirely and, significantly, remanded for a trial on the merits based on plaintiff's original petition. Had the decision of this Court in 94-CA-1285 been that the original suit had been dismissed, but without prejudice, this Court would have amended the trial court judgment to so reflect and then plaintiff would not have been able to proceed without reinitiating proceedings, i.e., the dismissal would have been allowed to stand, but plaintiff would have been allowed to file anew, and, in fact, would have been required to file anew and serve the defendant again in order to reinstitute the proceedings. Therefore, the proceeding upon which this appeal is based arises from the original petition.
LSA-R.S. 9:310(C), subsequently replaced by LSA-R.S. 9:315.21 effective January 1, 1994, requires that the trial court award support retroactive to the date of the filing of the petition for support unless good cause is shown for electing some later date.
Plaintiff cites cases standing for the proposition that the burden is on the defendant to show "good cause" for not making the award retroactive. Broussard v. Broussard, 532 So.2d 281 (La.App. 3 Cir.1988); Roberts v. Roberts, 95-1626 (La.App. 4 Cir. 6/5/96), 677 So.2d 1042; Farris v. Farris, 95-1475 (La.App. 3 Cir. 5/1/96), 673 So.2d 1276. Plaintiff notes that the defendant introduced no evidence of "good cause" in the trial court. Plaintiff concludes that the defendant has ipso facto failed to carry his burden and that it is for that reason that it was error when the trial court failed to make the judgment retroactive to the date of the original petition, March 24, 1988.
Plaintiff is correct in asserting that the defendant introduced no evidence of "good cause" and that the burden of establishing "good cause" is on the defendant. However, it does not necessarily follow from this that the trial court was in error. It is possible that "good cause" may be established from the procedural facts on the face of the record, which is apparently what the trial judge attempted to do. In our opinion remanding this case to the trial court for a trial on the merits of plaintiff's original petition, 94-CA-1285, this Court noted:
The trial judge found, as stated in her reasons for judgment, that there was no conduct on the part of the defense counsel or his client that constituted ill practice. We readily agree with this finding as the *402 conduct of defendant's attorney was in full accord with the ethics of the legal profession.
As noted by this Court in its prior opinion, 602 So.2d at p. 793, "personal service of the judgment of dismissal was completed on [defendant's attorney] on February 12, 1990." But the defendant waited until August 31, 1990 to apply for a new trial, which was denied as untimely. It was not until November 27, 1990 that the defendant filed her petition for nullity of judgment.
The Louisiana Supreme Court in Hogan v. Hogan, 549 So.2d 267 (La.1989), discussed the issue of retroactivity at length and determined that retroactivity was intrinsic to and inherent in the very concept of support under our civilian legal system:
That our substantive law abhors a gap in the support of one in need is plain from its establishment of alimony as a right in the interest of public order, insusceptible of renunciation, and, when due to the child, enforceable conjointly against the parents. Accordingly, we believe that even prior to the enactment of La.R.S. 9:310 our law required, as a general rule, that court orders initiating or increasing alimony have effect retrospectively from the date of the order to at least the date relief was sought, by petition or in answer to a suit to reduce or terminate alimony. [Emphasis added.]
Id., at 273.
Under this theory of support, the retroactivity is not in the nature of a penalty, but merely a judicial recognition of pre-existing entitlement. The theoretical obligation exists when the need for support arises and the ability to pay exists. It is only a matter of practicality that postpones the effective date of the obligation to the time the petition for support is filed, "In the interests of judicial efficiency and social utility." Id. Therefore, the fact that the party resisting the payment of support did so based on a sincere belief that no obligation to pay existed, is not, because of that sincerity, excused from the obligation to pay. Sincerity and good faith are not in themselves "good cause." Citing Hogan, the court in Welborne v. Welborne, 29,479, p. 9 (La.App. 2 Cir. 5/7/97), 694 So.2d 578, 584, explains "good cause" as follows:
Therefore, to prevail under La.R.S. art. [sic] 9:315.21 and demonstrate "good cause" for not making a child support award retroactive, Mr. Welborne is required to show that Hollie was not in need of the increased support or that he was unable to pay the increased amount from the date of judicial demand.
By this we do not intend to rule out the possibility that certain fact situations may come up in the future that we do not now envision in which the question of good or bad faith may be a factor in determining the proper date for retroactivity we merely take the position that good faith on the part of the party resisting payment does not, per se, defeat retroactivity.
Moreover, in enacting the legislation mandating retroactivity of support awards, the legislature must have envisioned situations in which the litigation would be protracted by appeals and other procedural delays typical of most litigation. Were we to rule otherwise, we would provide parties resisting payment a powerful incentive to prolong litigation unnecessarily.
Crucial to our determination are: (1) the relief granted was based on plaintiff's original petition pursuant to the judgment of remand from this Court in 94-CA-1285; (2) the Civil Law abhors a gap in support and that the right to the support, therefore, is considered already to exist, awaiting only judicial recognition for implementation; (3) the statutory authority for making the support award retroactive to the time of the filing of the petition is considered to be in the nature of a mandate; (4) to deny retroactivity based on procedural delays not attributed to the obligee (Farris, supra, 673 So.2d at p. 1279) should be discouraged because of its potential to promote resistance to payment; (5) the defendant offered no evidence of "good cause" although the burden is on him to prove it; and (6) the reason given by the trial judge for denying retroactivity[1] is in error.
*403 In a supplemental brief the appellant contends for the first time that the trial court erred in taking into consideration the defendant's support of other children when there is no evidence in the record to support that finding.
The record reflects that the judge reviewed the income information in camera. Appellant made no objection to that procedure at that time. Following the in camera review of the income information, the trial court stated:
The Court recognizes that Mr. Duvigneaud has two other children. It was represented in court that in 1995 he had two other children, one of whom was a minor but the other still being in high school. Therefore, for these children the Court allowed some deviation from guidelines.
The appellant made no objection to this finding. The appellant raises this objection for the first time in her supplemental brief to this Court.
This is a court of record. Normally this court cannot consider matters not of record. However, it is clear from the record that the appellant acquiesced in the evidentiary process employed by the trial court. For that reason this Court finds that it is too late for the appellant to assert for the first time in her supplemental brief on appeal the evidentiary shortcomings in the trial court's fixing of child support.
Therefore, the only relief this Court shall grant to the appellant shall be in connection with her claim for retroactivity as discussed previously.
For the foregoing reasons, we affirm the judgment of the trial court, but amend it to state that the effective date of the retroactivity of the support award shall be the date of the filing of the original petition, March 24, 1988 and remand this matter to the trial court for purposes of calculating the amount of the retroactive child support.
AFFIRMED AS AMENDED, AND AS AMENDED, REMANDED.
NOTES
[1] See the discussion earlier in this opinion explaining the misinterpretation by the trial court of the unreported opinion of this Court in 94-CA-1285.