[,WALTZER, Judge.
Plaintiff, the mother of the minor child, appeals the judgment awarding child support. The trial court awarded $20,655.00 for the support of the minor child for the period beginning March 1988 and ending April 1995, and the parties have not appealed this award. However, plaintiff appeals the judgment’s provision that “Du-vigneaud shall pay his retroactive child support obligation at the rate of $125.00 per month.”
STATEMENT OF THE CASE
In March 1988, the mother of a minor child, J.L., sued, with the help of the State of Louisiana through the Department of Health and Human Resources, the biological father for child support. Three separate appeals have arisen from this protracted litigation, involving the support of a minor child. State, Through DHHR v. Duvigneaud, 602 So.2d 792, 792-793 (La. App. 4 Cir.1992), appeal after remand 94-1285 (La.App. 4 Cir. 4/13/95); 652 So.2d 1098, writ denied by 95-1203 (La.6/23/95); 657 So.2d 1003, and appeal after remand 97-0988 (La.App. 4 Cir. 12/10/97); 704 So.2d 398.
12From the first appeal, this court held that the trial judge erred in maintaining the defendant’s exception of prescription, reversed the judgment of the trial court and remanded for consideration of the merits of the mother’s action to nullify a judgment dismissing the suit for paternity and child support. State, Through DHHR v. Duvigneaud, 602 So.2d 792, 792-794 (La.App. 4 Cir.1992). On remand, the trial court rendered judgment in favor of Du-vigneaud and dismissed the nullity action. In the second appeal, this court, in an unpublished opinion, we reversed and “remanded for a trial on the merits of plaintiffs petition to establish paternity and support obligation.” State Through DHHR v. Duvigneaud, 94-1285 (La.App. 4 Cir. 4/13/95); 652 So.2d 1098, writ denied by 95-1203 (La.6/23/95); 657 So.2d 1003. On this remand, the trial court rendered judgment finding that Duvigneaud is the minor’s biological father and ordered him to pay support retroactive to April 1995. We affirmed the judgment of the trial court but amended it to make the effective date retroactive to the filing of the original petition, 24 March 1988, and we remanded “this matter to the trial court for the purpose of calculating the amount of the retroactive child support.” State, Through DHHR v. Duvigneaud, 97-0988 (La.App. 4 Cir. 12/10/97); 704 So.2d 398, 403.
After this remand, by judgment dated 15 April 1999, the trial court awarded $20,655 in child support for the period beginning March 1988 and ending April 1995. In this judgment the trial court ordered Duvigneaud to pay this obligation “at the rate of $125.00 per month.”
Neither plaintiff nor defendant appeals the amount awarded for child support. *725 However, plaintiff appeals the trial court’s order allowing Duvigneaud to pay this judgment at the rate of $125.00 per month.
^DISCUSSION
Neither appellees nor the trial court cite any authority that a court may render a civil money judgment for an amount already due in less than a lump sum. Indeed, can a trial court award personal injury damages payable over many years?
An award of past due support is a property right belonging to the person to whom such support has been withheld. Courts are required to make such awards executory and cannot allow the debtor to pay such amounts in installments, absent an agreement by the parties. Gennaro v. Gennaro, 306 So.2d 756, 757 (La.App. 4 Cir.1975), writ denied by 310 So.2d 84(La.1975). Because this award has been made executory pursuant to LSA-C.C.P. art. 3946(A), plaintiff has a right to pursue whatever legal remedies are available to her to collect on the judgment in its entirety-
Moreover, the award of $125 per month is manifestly inadequate. Plaintiffs have been seeking this support for twelve years, and at $125 per month they may never get it. That amount would barely, if at all, cover the interest on the amount already due. Thus, the principal balance would never be paid off, or would be paid off only many, many years from now. Even assuming there were no interest accruing from now until the judgment is paid, the judgment would not be paid off for well over a decade, long after the defendant’s minor child reaches majority. Today, the minor child is sixteen years old. He was four when this litigation began. He will reach majority in two years, long before this judgment will be satisfied at this rate of payment.
I ¿CONCLUSION
For these reasons, the judgment of the trial court is AMENDED to make the entire lump-sum award for past due child support due and payable immediately.
JUDGMENT AFFIRMED AS AMENDED.